

ORIGINAL

FILED
2019 JUL -1 PM 1:26
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
RIVERSIDE
BY

1   Joaquin Andres Acosta

2   PO Box 2889

3   Big Bear Lake, California

4   Acosta Trees@ MSN.com

5   909 866-9634

6   909 866- 8194

7

8               District Court for the United States of America

9                    Central district of California - Riverside

10   COUNTY OF SAN BERNARDINO;   ED CV 19 - 01215   JGB (SPx)

11   PEOPLE OF STATE OF CALIFORNIA   Superior Court Case No.: CIVDS1915265

12        Claimants,

13   v.                          PETITION OF REMOVAL

14   Joaquin Andres Acosta;      (28 U.S.C. 1331 - Federal question)

15   A.J. Acosta Company, Inc.   (28 U.S.C. 1332 - Diversity of citizenship)

16        Respondents           (28 U.S.C. 1343 - Civil rights)

17                               (28 U.S.C. 1367 - Supplemental
                                 jurisdiction)
18
                                 (28 U.S.C. 1441);
19

20                               Memorandum of Points and Authorities;

21                               Certificate of Service.

22

23

24

25

26

27

28

Joaquin Andres Acosta, petitioner, hereby presents this petition for removal of a California State action to the federal Court.

### A. Petitioner Seeks Removal to the District Court.

1. Joaquin Andres Acosta, petitioner, requests/requires the removal of the California Superior Court Case titled:

> COUNTY OF SAN BERNARDINO and PEOPLE OF THE STATE OF CALIFORNIA
> v. Joaquin A. Acosta and A.J. Acosta Company, Does 1-25. Case numbered:
> CIVDS1915265, filed in San Bernardino county, California on May 20, 2019

to the federal Court.

### B. Overview of the Matter

2. Joaquin Andres Acosta, Petitioner, grew up in Big Bear Lake California, and has been in business since that time of obtaining wood, and processing it into firewood since a teenager, a period beginning in the early 1980s.

3. Petitioner, as a young man saw opportunity to develop himself in life starting as a tree service, then moved into earthwork and paving, building moving and demolition, over the last forty-years.

4. Commencing circa 1994, the County of San Bernardino commenced numerous harassments and unwarranted inspections without warrants, and told me that I could not use my property to store my machinery, vehicles, inventory on Industrial zoned property without first obtaining a permit to do so. The County since 1994 year in and year out has harassed me, extorted me into getting purported permits, and denied every single one, or required me to meet over one hundred and fifty requirements prior to issuing permits. These attempts and denials have been what's termed "taking" of property without paying for the taking, which is prohibited under the federal constitution. We also may called these activities actual and constructive takings. In each instance, the county has failed to follow procedures to get what they wanted. I have actually asked for reconsideration based on new evidence that the County and its personnel lied, as to purported public nuisances and hazards on the private property, and obtained evidence from the County's Engineers, regarding said hazards. See Superior Court of California, San Bernardino County, titled:

| | |
|---|---|
| 1 | A.J. Acosta Company, Inc., |
| 2 | |
| 3 | Claimant, |
| | v. |
| 4 | County of San Bernardino, |
| 5 | Peter Brierty, Tina Sutera, |
| | Respondents. |
| 6 | |

Case Numbered: Case No. CIVSS 803651

7    County of San Bernardino

8    People of the State of California

     Cross-complainants,

9    v.

10   Joaquin Andres Acosta, a man;

11   A.J. Acosta Company, Inc, man's

     property; and,

12   Dennis R. Washburn;

13

14   See Docket entries dated 07/11/2016 Motion re: Reconsider Set for Hearing on 08/30/16, Filed by

                                   Plaintiff A.j. Acosta Company, Inc (Imaged)

15   08/30/2016 ...Civil Minutes - General.       Please take note there is no signed appealable order

16                                              for this event. Therefore, not appealable.

17

18   See Docket dated 05/19/2016          Notice of Ruling on Pla's Motion to Reconsider &

                                             Vacate Filed.

19

20   Docket dated 05/13/2016            Motion Re: to Reconsider & Vacate Judgment Filed by

21                                           Plaintiff A.j. Acosta company, inc - minutes Denied.

22   5. We made an offer to pay pursuant the Commercial Code, and that was rejected, forcing me

23   into bankruptcy. We even after judgment applied for reconsideration including vacating said

24   judgments and amendments thereto. Each time the judge refused to sign an order granting or

     denying said motions. Since no orders were signed, I have not been able to appeal those (non)

25   decisions. I term the actions of the judges involved as failure to give due process, failure of

26   substantive process, and denial of exercise of my rights to appeal. I have been denied on several

     instances, signed appealable orders/judgments in every instance. These are some of the reasons for

27   removal: I can not receive honest government services from the judges, and fear for my safety,

28   and I am in fear of losing my property, and quiet enjoyment of my property, based on the

1  individual, joint and several failures of public servants errant behaviors, and there are also failures
2  to honor their oaths of officer failure to protect me and my property, as this was the object of
3  forming the state; also to guarantee a republican form of government.

4  6. The County has violated California's Executive Order D-78-89, by physical invasion,
5  by using said false accusations as a guise to implement so called nuisances that do not
6  exist. The County is performing a taking without due process and without paying me for
   the taking, or to not use. These fail under the purported Regulatory Scheme, called the
7  County Code.

8
9  7. The problems with what the County has done to me for years are not in compliance with the
   California Constitution (1849)[1], Article I, sections 1 and 2.
10
11      viz.    The Declaration of Rights of the California Constitution (1849) declared the
                rights of Californians:
12
13              Sec. 1 – All men are by nature free and independent, and have certain inalienable
                rights, among which are those of enjoying and defending life and liberty,
14              acquiring, possessing, and protecting property: and pursuing and obtaining
15              safety and happiness.

16              Sec. 2 – All political power is inherent in the people. Government is
17              instituted for the protection, security, and benefit of the people; and they
                have the right to alter or reform the same, whenever the public good may
18               require it.
19

20 _____
21      [1]The 1849 Constitution was never amended, as said vote under Article X, Section
   1, required: "shall be agreed to by a majority of the members elected to each of the two
22 houses. Both houses in 1879 comprised more than 150 members which was 150.
   The vote by Seven members is not a vote of the "majority of members." The Constitution
23 was not amended because Article II, section 1, required only the votes of "every white
   male citizen of the United States, and every white male citizen of Mexico...shall be
24 entitled to vote at all elections which are now or hereafter may be authorized by law.
   Article II, section 1, was not complied with, but said vote included Negros, Chinese,
25 Brown Skinned Mexicans. So, Both Articles II and X were not complied with.
26 Therefore, the purported 1879 Constitution is a sham and not a properly conducted
   Amendment, under Articles II and X of the 1849 Constitution.  Therefore, the 1879 is a
27 nullity.
28

8. We must note, observe and sustain Article I, Section 1: All men are by nature free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property; and pursuing and obtaining safety and happiness.

9. We further must note, observe and sustain Article I, Section 2: All political power is inherent in the people. Government is instituted for the protection, security and benefit of the people...".

10. There are no exceptions under Article I, that are applicable to the People, as I am, under any of the following:

> Business and Professions Code
> Civil Code
> Code of Civil Procedure
> Commercial Code
> Corporations Code
> Education Code
> Elections Code
> Evidence Code
> Family Code
> Financial Code
> Fish and Game Code
> Food and Agricultural Code
> Government Code
> Harbors and Navigation Code
> Health and Safety Code
> Insurance Code
> Labor Code
> Military and Veterans Code
> Penal Code
> Probate Code
> Public Contract Code
> Public Resources Code
> Public Utilities Code
> Revenue and Taxation Code
> Streets and Highways Code
> Unemployment Insurance Code
> Vehicle Code
> Water Code
> Welfare and Institutions Code

11. There are no exceptions under California's Constitution (1849), Article I, sections One, to any laws, codes mentioned above, nor the County Codes, Ordinances, International Property Maintenance Code, including any County/City/Village/Township Charter, etc.

12. In fact, the County, City, Village, Township, Charters, exist only to protect the people and

1  our properties, nothing else.

2

3  13. There are no exceptions under California's Constitution (1849), Article I, section two that allow public servants to tell their masters' the people, of which I am one, how to use our property, limit use, or apply for a permit, ask for permission to do things that are our inherent rights, enumerated rights pursuant the federal and state constitutions.

4

5

6  14. The concept of sovereignty stands on its own. The sources shown below may help you to see that it is a respected and valid concept.

7

8

9  "...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves; the citizens of America are equal as fellow citizens, and as joint tenants in the sovereignty." CHISHOLM v. GEORGIA (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL 1793 pp471-472

10

11

12

13  The people of this State, as the successors of its former sovereign, are entitled to all the rights which formerly belonged to the King by his prerogative. Through the medium of their Legislature they may exercise all the powers which previous to the Revolution could have been exercised either by the King alone, or by him in conjunction with his Parliament; subject only to those restrictions which have been imposed by the Constitution of this State or of the United States of America. Lansing v. Smith, 21 D. 89., 4 Wendel 9 (1829) (New York) "D." = Decennial Digest Lansing v. Smith, 4 Wend. 9 (N.Y.) (1829), 21 Am.Dec. 89 10C Const. Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 1`67; 48 C Wharves Sec. 3, 7.   NOTE: Am.Dec.=American Decision, Wend. = Wendell (N.Y.)

14

15

16

17

18

19

20

21  15. California Government Code Section 54950 confirms the peoples authority:

22

23  54950. In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly.

24

25

26

27  The people of this State do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people

28

insist on remaining informed so that they may retain control over the instruments they have created.  54950.5. This chapter shall be known as the Ralph M. Brown Act.

16.  The County if it wants to deprive my use of my Land, must compensate me pursuant *Budd v. People of the State of New York*, 143 U.S. 517 (1892).

17.  Those elected and appointed as public servants in California are required to take an oath to support and defend the Constitution for the united States of America, and the State of California.

viz.  Article XI, Section 3:

> Sec. 3 – Members of the Legislature, and all officers, executive and judicial, except such inferior officers as may be by law exempted, shall, before they enter on the duties of their respective officers, take and subscribe the following oath or affirmation: " I do solemnly swear ( or affirm, as the case may be,) that I will support the Constitution of the United States, and the Constitution of the State of California, and that I will faithfully discharge the duties of the office of, according to the best of my ability." And no other oath, declaration, or test, shall be required as a qualification for any office or public trust.

18.  Each of the Elected and Appointed public servants in San Bernardino county are required pursuant Article XI, section to have sworn or affirmed said Oath of Office, prior to entering into Office.

19.  In pursuance of the California Constitution (1849), the required Oath also has the taker of the oath to "declare the rights" which is declared pursuant Article I, of this Constitution. Yes, the Oath taker actually declares the rights of the Sovereignty, the People under "Declaration of Rights." This means that the taker of the Oath has a strict requirements defined under Article I, especially, those under Sections One and Two, respectively.

20.  In this matter, the County's Charter provides the following pertinent information:

### Forward to County Charter

Item 28.    Filed and operative December 26, 1974; repeals Section 6 of Article i and Sections 1 and 5 of Article VI, to eliminate obsolete and unnecessary language and bring Charter into conformity with the California Constitution.

Item 29.    Filed and operative December 26, 1974; repeals Section 1.1 of Article II and amends Sections 2, 5, and 10 of Article II to bring Charter into conformity with California Constitution and reflect and provide greater flexibility in the governmental structure and administration of the County.

Item 39.    Filed and operative November 4, 2008: adds Section 11 to Article II to establish a higher standard of ethics for staff members of County elected officers.

### Article I - Board of Supervisors

Sections 1-4 (omitted.).

Section 5.    **The Chairman of the Board of Supervisors shall be the general executive agent of the Board. It shall be his duty**, subject to regulation and control by the Board, <u>to exercise general supervision over the official conduct of all County officers and officers of all districts</u> and other subdivisions of the County charged with the assessment, collection, safekeeping, management, or disbursement of public revenue; <u>also over all **County institutions, buildings and property**</u>. He shall report to the Board from time to time with such recommendations as he shall deem proper. He shall devote his entire time during usual office hours to the duties of his office. He shall keep an office in the room or rooms where the Board usually meets, and shall be in attendance at such office during usual office hours, except when elsewhere engaged in the performance of his official duties.

21. The County's Charter pursuant certain items in the forward, these refer to certain revisions of the Charter throughout certain years. I specifically refer to items 28, which amended the County's charter to " eliminate obsolete and unnecessary language and bring Charter into conformity with the California Constitution."

22. The County's Charter pursuant certain items in the forward, these refer to certain revisions of the Charter throughout certain years. I specifically refer to items 29, which amended the County's charter to " to bring Charter into conformity with California Constitution...".

23. The County through its Board of Supervisor, and its Chairman, has been exceeding its jurisdiction as the Charter only allows the County to: "<u>to exercise general supervision over the official conduct of all County officers and officers of all districts</u> and other subdivisions of the County charged with the assessment, collection, safekeeping, management, or disbursement of public revenue; <u>also over all **County institutions, buildings and property**</u>.

24. The Charter does not extend to property that is held privately. The County may only control property that the County owns.

25. The County does not own, and has no authority to control property identified in their

purported "nuisance complaint." The County has exerted authority in excess of their charter by attempting to extort Petitioner to pay fees and apply for a permit that according to the County's charter 82-06, allows without any type of permit for firewood operations.

26. All of the machinery, tools, vehicles, inventory, and the like are used for obtaining wood, processing wood, making a road to obtain wood, water storage and fire pump trucks is for fire suppression, should any fire break out during the obtaining and processing of the wood.

27. County Counsel's Mission Statement: County Counsel serves and protects the county, its treasury, and its governing body, by providing timely and accurate legal services and aggressively representing the county in litigation. Legal services shall be performed maintaining the highest professional and ethical standards while fostering high morale and productivity in the work place through collaborative efforts dedicated to continuous improvement.

28. County Counsel's Goal: Provide accurate, timely and reliable legal advice to the office's clients to assist them to achieve their objectives.

29. County Counsel has no authority over private property. The County does not acquire jurisdiction or authority over any property unless a person has been damaged by some sort of operations on the land, or nearby. See Code of Civil Procedure §731/731(a). In this matter, there is no evidence of any person's having reported being injured/damaged.

### C. Jurisdiction of the Court in this Matter

### A. Federal Questions

30. The Federal Constitution vests federal courts with the authority to hear cases "arising under th[e] Constitution [or] the Laws of the United States." U.S. Const. Art III, §2.

31. Congress vests federal district courts with subject-matter jurisdiction over cases involving questions of federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

32. Pursuant to 28 U.S.C. §1331 "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" 28 U.S.C. §1331. Federal District Courts have subject matter jurisdiction over cases that raise federal questions.

33. Petitioner states that the United States Constitution's Supremacy Clause, Article VI, Clause 2 of the United States Constitution (1789 as amended), is proper and supported as the County has

1   raised a matter involving treaty, by raising the County adopted the United Nations "International

2   Property Management Code". Respondent believes that this invokes the Supremacy Clause.

3   34. Petitioner states that the United States Constitution's Supremacy Clause, supra, is supported

4   as the County is making a claim against the United States Land Patent which respondent claims

5   being an owner, and that according to the language, Acosta being a successor in interest, that

6   County cannot at this late date assert any claims as California, and the County did not assert any

    reservations or claims that Congress required before the Patent was issued, and that since no

7   claims for ZONING, TAXATION and REGULATION were not made, they lost the ability to

8   make claims after the Patent issued. See *Summa Corporation v. California State Lands*

9   *Commission*, 466 U.S. 198, 104 S.Ct. 1751, 80 L.Ed.2d 237 (1984) *Summa Corporation v.*

    *California State Lands Commission;* See also: Allejandro Barker v. Downey Harvey 209 Jesus

10  Quevas v. Downey Harvey 210, 181 U.S. 481, 21 S.Ct. 690, 45 L.Ed. 963 (1901).

11          Federal law includes an act of Congress or a regulation issued under an act of Congress.
12          *See Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 643 (2002)
            (noting that the plaintiff's claim "turns on whether the Act, or an FCC ruling issued
13          thereunder [and therefore] falls with 28 U.S.C. § 1331's general grant of jurisdiction")
            (jurisdiction upheld).

14  35. The Summa Court, supra, held:  California cannot at this late date assert its public trust

15  easement over petitioner's property, when petitioner's predecessors-in-interest had their interest

16  confirmed without any mention of such an easement in the federal patent proceedings. The interest

    claimed by California is one of such substantial magnitude that regardless of the fact that the claim
17  is asserted by the State in its sovereign capacity, this interest must have been presented in the

18  patent proceedings or be barred. Cf. Barker v. Harvey, 181 U.S. 481, 21 S.Ct. 690, 45 L.Ed.

19  963;  United States v. Title Ins. & Trust  Summa Corporation v. California State Lands

    Commission, 466 U.S. 198, 104 S.Ct. 1751, 80 L.Ed.2d 237 (1984).

20
21  36. District Courts also have jurisdiction over cases where there is diversity of citizenship and the

    amount in controversy exceeds $75,000. 28 U.S.C. §1332.
22

23              **Federal Questions (28 U.S.C. 1331)**

24  37. The Courts jurisdiction involves federal questions:

25      Question 1:   Is enforcement of International Property Maintenance Code, a program
                      under ICLEI, pursuant the UN's Declaration of Human Rights an abolition
26                    of private property rights, under the so-called sustainable development, if so, why?

27      Question 2:   The Declaration of Independence, states purpose of government: Protect the
                      natural or unalienable rights of each individual. *That all men are created*
28                    *equal, that they are endowed by their creator with certain unalienable*

*rights...".* In short, You're born with rights, government exists to protect them. You and the product of your labor belong to you. Under the United Nations Declaration of Human Rights. Control the individual for the greater good of a global community. *"Rights and freedoms may in no case be exercised contrary to the purposes and principles of the United Nations."* In short, Government grants, restricts, or withdraws your rights according to its needs. You and the product your labor belong to the community. Since the United States Congress never ratified any treaty with the United Nations, is the U.N.'s "Declaration of Human Rights" contrary to the "Declaration of Independence" and enforceable upon the people and our property in the United States ?

Question 3:    The County has adopted, implemented and enforcing the "International Property Maintenance Code" ("IPMC") upon me and other property owners in the County. The IPMC is a part of the United Nations Conference on Human Settlements (Habitat I) Agenda item 10, Vancouver, 1976. Said IPMC is a program under United Nations Agenda 21/Agenda 2030, for sustainable development. Under the United Nations plan for sustainable development, they say this: "Land ... cannot be treated as an ordinary asset, controlled by individuals...Private land ownership...contributes to social injustice ... if unchecked, it may become a major obstacle in the planning and implementation of development schemes." Since San Bernardino county is attempting to without cause, without a damaged party to deprive me of my property, my right of quiet enjoyment of my land and property, the County is attempting to get an injunction against me from my quiet enjoyment, using the IPMC as part of their attempts to deprive me of my property through regulation. California law, the Code of Civil Procedure §731/731(a) requires a damaged party before any nuisance lawsuits may be commenced, and only after the County Board of Supervisors approve it by a resolution. The County has no logged resolutions for any nuisance lawsuits that have been commenced against me, at any time. The federal question is this: Is the United States involved by way of treaty with the United Nations for Sustainable Development, that has been approved by a vote of the People, approved by Congress, and approved by the President ?

Question 2:    When the United States issues a land patent, to a person, his heirs, successors and assigns, forever..." and there are no reservations to any person by the federal and state governments, including county, city, village and township, or any other person" do any of the above entities entitled to control said land ?

Question 3:    Is a State, County, City, Village and Township entitled to adopt and enforce the United Nations "International Property Maintenance Code" upon me and other men similarly situated within the County, though the County's charter only applies to land belonging to the County ?

Question 4:    When the United States issues a land patent to a person, his heirs, successors and assigns forever..." do any other parties not listed have any rights, titles or interests over the property ?

Question 5:    According to what the Supreme Court held in *Summa Corp. v. California*, 466 U.S. 198, 104 S.Ct. 1751, 80 L.Ed.2d 237), can California, San Bernardino County, and Lucerne Valley, now exert any claim and conditions over how Petitioner may use his property when petitioner's predecessors-in-interest had their interest confirmed without any mention by

California, San Bernardino county, and Lucerne Valley, that is was reserving the right to regulate, zone and tax property, when in fact there is no mention of these reservations in the federal patent proceedings ?

Question 6:   After a United States Land Patent having been issued to the grantee, and said land is pass to heirs, successors and assigns, without any nuisances on the property, is the County allowed to make rules, regulations through zoning to limit the property's use though no residential housing units are near the property, is it a denial of exercise of property rights by the County through regulation ?

Question 7:   According to what the Supreme Court held in *Summa Corp. v. California*, 466 U.S. 198, 104 S.Ct. 1751, 80 L.Ed.2d 237), can California, San Bernardino County, and Lucerne Valley, now exert any claim and conditions over how Petitioner may use his property when petitioner's predecessors-in-interest had their interest confirmed without any mention by California, San Bernardino county, and Lucerne Valley, that is was reserving the right to regulate, zone and tax property, when in fact there is no mention of these reservations in the federal patent proceedings ?

38. The nature and effect of the patent issued pursuant to the act of 1851 has been well described by both the United States and California Supreme Courts. The patent of the government is evidence of title and is conclusive against the government and all persons claiming under it. The patent is a deed of the United States and operates as a quit claim of any interest the United States may have reserved in the land. It establishes in the grantee full and complete title to the property. (*Beard v. Federy* (1866) 70 U.S. (3 Wall.) 478, 18 L.Ed. 88; *Teschemacher v. Thompson* (1861) 18 Cal. 11.)

39. The property commonly identified as 32112 Highway 18, Lucerne Valley, California is within the boundaries described in a United States Land Patent, No. 4324 Misc. Doc. No: 8582, Total Acres: 160.00. Said Patent was issued to grantee James E. Goulding, pursuant May 20, 1862: H o m e s t e a d    E n t r y    O r i g i n a l    ( 1 2    S t a t .    3 9 2 ) (https://glorecords.blm.gov/details/patent/default.aspx?accession=CA2380__.318&docClass=STA&si d=hfehtb23.ggp#patentDetailsTabIndex=0 ). The certain amounts of the Patented lands have been to heirs, successors and assigns, Joaquin Andres Acosta being Title holder and owner, thereto.

"If the patent is prim a facie evidence, and is not rebutted, it remains sufficient to maintain the title. *Kelly v. Jackson*, 6 Pet., 632." Samuel Marsh, William Lee, and Edward Delavan, Plaintiffs In Error v. Edward Brooks and Virginia His Wife, Formerly Virginia Reddick, Charles Billou and Frances His Wife, Formerly Frances Reddick, Walter Reddick and Dabney Reddick By Eliza Reddick, Their Guardian, Heirs At Law of Thomas Reddick, Deceased Defendants In Error, 49 U.S. 223, 8 How. 223, 12 L.Ed. 1056 (1850);

The patent being founded on a confirmation, the facts recited may be considered. *United States v. Clarke*, 8 Pet., 448. A public grant, if admitted in evidence, must be received by court and jury as evidence both of the facts it recites and declares leading to the

1  foundation of the grant, and all other facts legally inferable by either from what is so
2  apparent on its face. *United States v. Arredondo*, 6 Pet., 729. See Act of March 2d,
   1805, ch. 26 (2 Stat. at L., 324); Act of April 21st, 1806, ch. 39 (2 Id., 391); Act of
3  February 15th, 1811, ch. 14 (2 Id., 617); Act of June 13th, 1812, ch. 99, (2 Id., 748,)
   authorizing Recorder to report on claims to land in Missouri; Reports of Recorder of
4  November 1st, 1815, and February 2d, 1816, in favor of Reddick's claim; 3 Am. State
   Papers, 345; Act confirming Claims reported by Recorder, April 29th, 1816, ch. 159 (3
5  Stat. at L., 328).

### Discussion

6  40. Under the federal and state Constitutions, the federal and state governments, including
7  Counties, Cities, Villages and Townships, no government can make any rules, regulations,
8  ordinances, or legislate any other matter that's contrary to the my or any other persons similarly
9  situated, that allows for ending any of my rights, according to *Miranda v. Arizona*, 384 U.S.
10  426, 491, 86 S.Ct. 1603.

11       "Where rights secured by the Constitution are involved, there can be no 'rule making' or
         legislation which would abrogate them." *Miranda v. Arizona,* 384 U.S. 426, 491; 86 S.
12       Ct. 1603.

13  41. The County's action of suing my attempting to enjoin my quiet use of my property, and take
14  said property through Court action is a fraud. Likewise, said County Code, and the International
15  Property Maintenance Code, where they attempt to deny exercise of my constitutional rights, are
    "unconstitutional acts, confers no rights, and imposes no duties, affords no protection and creates
16  no office, is inoperative according to *Norton v. Shelby County*, 118 U.S. 425, 442.

17       "An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it
18       creates no office; it is in legal contemplation, as inoperative as though it had never been
         passed." *Norton v. Shelby County,* 118 U.S. 425, 442.

19
20  42. The County is attempting to penalize my quiet enjoyment of my property, charge penalties,
    and take my property away from me. According to *Sherar v. Cullen*, 481 F.2d 946 (1973), No
21  sanction or penalty can be imposed because of my exercise of my constitutional rights under
22  federal Constitution, and California Constitution (1849), Article I, sections One and Two.

23       *Sherar v. Cullen,* **481 F. 2d 946 (1973)** "There can be no sanction or penalty imposed
24       upon one because of his exercise of constitutional rights."

25  43.  Though I have used my property without injury or damage or nuisance to any person,
26  pursuant my federal and state Constitutional rights defined at California Constitution,
27  Article I, Sec. 1 which enumerate the following right:  All men are by nature free and
28  independent, and have certain inalienable rights, among which are those of enjoying and

defending life and liberty, acquiring, possessing, and protecting property: and pursuing and obtaining safety and happiness" there are no exceptions (under the Constitution) to complying, applying for a permit, paying the fee, to obtain any permit under certain conditions to use said owned property, said conditions known as the County Code, International Property Maintenance Code, to simply "...enjoying and defending life and liberty, acquiring, possessing, and protecting property. I have no obligation to the County, State to comply before exercising my rights according to *Simmons v. United States*, 390 U.S. 377 (1968).

**_Simmons v. United States,_ 390 U.S. 377 (1968)** "The claim and exercise of a Constitution right cannot be converted into a crime"... "a denial of them would be a denial of due process of law.

### B.  Diversity of Citizenship Jurisdiction
### Purpose of Diversity Jurisdiction -  (28 U.S.C. 1332)

44.  The reasons for removal have been stated in the above paragraphs, which is bias and prejudice of the County, its employees known as County Counsels, have participated in a series of acts to consistently deprive me of my property, my money, on cases brought that turned out to be complete fabrications. See Superior Court case, A.J. Acosta Company, Inc., v. COUNTY OF SAN BERNARDINO, Case No.: CIVSS803651, supra.

45.  Since the Court/Judicial Officer has failed to grant or deny my numerous motions to dismiss, vacate the judgments by signing an orders, these actions have been to deprive me of my right to appeal the matters. I believe from my experience, I am in grave danger from the County. I believe the County has judges that just rubber stamp whatever counsel wants, and many times. I have and continue to suffer mental anguish, been deprived of my land - will be further deprived of my enjoyment thereof, vehicles, inventory, jobs, loss of reputation in the community.

46.  The traditional justification for diversity jurisdiction is to "open the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties." *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010) (citations omitted) (reversing district court's finding that jurisdiction was lacking).

47. "[T]he traditional justification for diversity jurisdiction is to minimize potential bias against out-of-state parties." *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 991 (7th Cir. 2001) (citing *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 111 (1945); *Bagdon v. Bridgestone/Firestone, Inc.*, 916 F.2d 379, 382 (7th Cir.1990).

48. "Traditionally, diversity jurisdiction has been viewed as serving the interest in protecting out-of-state defendants from potential state-court biases in favor of local plaintiffs." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1005 (9th Cir. 2001) (citations omitted).

49. The Case is ripe for diversity as the matter in controversy[2] exceeds $75,000.

"Rightful liberty is unobstructed action according to our will within limits drawn around us by the equal rights of others. I do not add 'within the limits of the law' because law is often but the tyrant's will, and always so when it violates the rights of the individual." *Thomas Jefferson.*

50. "He who is unfit to serve his fellow citizen, seeks to rule them." Ludwig von Mises.

### Relief

51. That this court remove the case County of San Bernardino; State of California v. Joaquin A. Acosta; A.J. Acosta Company, Inc. to the federal court.

52. That this court determines the federal questions set forth herein.

53. That this court hear the case, and all causes of action, including counter claims to be presented from beginning through to trial.

54. That when the County files it's opposition, that they be denied with prejudice.

55. That when the County files any motion to remand, that they be denied with prejudice.

Under penalty of perjury, this twenty-seventh day of June, in the Year of Our Lord, two thousand nineteen.

*Joaquin Andres Acosta*

Joaquin Andres Acosta

---

[2]The property the County seeks to take away from me or deprive me of the use, is valued in excess of $150,000.00

## Memorandum of Points and Authorities

"When a change of government takes place, from a monarchial to a republican government, the old form is dissolved. Those who lived under it, and did not choose to become members of the new, had a right to refuse their allegiance to it, and to retire elsewhere. By being a part of the society subject to the old government, they had not entered into any engagement to become subject to any new form the majority might think proper to adopt. That the majority shall prevail is a rule posterior to the formation of government, and results from it. It is not a rule binding upon mankind in their natural state. There, every man is indepedent of all laws, except those prescribed by nature. He is not bound by any institutions formed by his fellowmen without his consent." *Cruden v. Neale*, 2 N.C. 338 (1796), 2 S.E. 70.

"Federal common law as articulated in rules that are fashioned by court decisions are 'laws' as that term is used in § 1331." *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 850 (1985) (jurisdiction upheld).

Federal law generally includes an Act of Congress, an administrative regulation, or an executive order made pursuant to an Act of Congress. 13D Wright & Miller § 3563, pp. 217–218.

The "primary purpose" of federal question jurisdiction "is to ensure the availability of a forum designed to minimize the danger of hostility toward, and specially suited to the vindication of, federally created rights." 15 *Moore's Federal Practice* ¶ 103.03.

13D Wright & Miller § 3522, pp. 103–05 ("[T]here is a presumption that a federal court lacks subject matter jurisdiction, and the party seeking to invoke federal jurisdiction must affirmatively allege the facts supporting it.").

The defendant has no duty to investigate facts underlying an equivocal complaint to determine whether or not a basis for federal jurisdiction exists. Harris v. Bankers Life and Casualty Co., 425 F.3d 689, 694 n.4 (9th Cir. 2005).

### Three Limitations on a Court's Exercise of Federal Question Jurisdiction

The Supreme Court has construed § 1331 narrowly, and has interpreted § 1331 to include three requirements before a court will exercise jurisdiction: (1) the well-pleaded complaint requirement; (2) the substantiality requirement; and (3) the centrality requirement. 13D Wright & Miller § 3562, p. 174.

### Well-pleaded complaint requirement: A federal court lacks jurisdiction over a federal question unless the plaintiff's well-pleaded complaint raises the issue.

When determining whether a claim arises under federal law, a court will "examine the 'well

pleaded' allegations of the complaint and ignore potential defenses: '[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.'" *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (jurisdiction upheld) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (jurisdiction lacking)).

### Artful pleading: A court will have federal question jurisdiction over a plaintiff's claim that turns on an issue of federal law even if the plaintiff did not explicitly plead the federal issue in the complaint.

"A plaintiff cannot avoid federal court simply by omitting a necessary federal question in the complaint; in such a case the necessary federal question will be deemed to be alleged in the complaint." 15 *Moore's Federal Practice* ¶ 103.43.

Complete preemption is "a specific application of the artful pleading doctrine." 15 *Moore's Federal Practice* ¶ 103.43.

The general rule "is that an action for a declaratory judgment will invoke federal question jurisdiction only if the coercive action that would have been brought (were declaratory judgments not available) would have been within that jurisdiction." 13D Wright & Miller § 3566, pp. 275–76; See also: *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1893) (jurisdiction lacking); *Skelly Oil Co. v. Phillips Petrol. Co.*, 339 U.S. 667, 673–74 (1950) (jurisdiction lacking).

The general rule "is that an action for a declaratory judgment will invoke federal question jurisdiction only if the coercive action that would have been brought (were declaratory judgments not available) would have been within that jurisdiction." 13D Wright & Miller § 3566, pp. 275–76; See also: *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1893) (jurisdiction lacking); *Skelly Oil Co. v. Phillips Petrol. Co.*, 339 U.S. 667, 673–74 (1950) (jurisdiction lacking).

The declaratory-judgment seeking plaintiff should not be able to file a complaint that anticipates a federal defense of the coercive action. *Ne. Ill. Reg'l Commuter R.R. Corp. v. Hoey Farina & Downes*, 212 F.3d 1010, 1014 (7th Cir. 2000) (jurisdiction lacking) ("[I]f the plaintiff cannot get into federal court by anticipating what amounts to a federal defense to a state-law cause of action, he also should not be able to use the Declaratory Judgment Act to do so by asserting what is really a preemptive federal defense as the basis of his complaint.").

A case generally arises under federal law when federal law creates the cause of action. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (jurisdiction upheld); See also: *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (jurisdiction lacking) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U. S. 1, 27-28 (1983) (jurisdiction lacking)) ("A case 'aris[es]' under' federal law within the meaning of §1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action....' ").

The Supreme Court has also recognized that a case will arise under federal law in "certain . . . state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Under this second test for arising under, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

"The Court has consistently interpreted jurisdictional statutes with an 'arising under' qualification, including §1331, as giv[ing] the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954–55 (9th Cir. 2009) (citations and internal quotations omitted)

## Jurisdiction Upheld

[T]he traditional justification for diversity jurisdiction is to minimize potential bias against out-of-state parties. *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 991 (7th Cir. 2001) (citing *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 111 (1945); *Bagdon v. Bridgestone/Firestone, Inc.*, 916 F.2d 379, 382 (7th Cir.1990))

Traditionally, diversity jurisdiction has been viewed as serving the interest in protecting out-of-state defendants from potential state-court biases in favor of local plaintiffs. *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1005 (9th Cir. 2001) (citations omitted)

### Constitutional and Statutory Basis for Diversity Jurisdiction

The Constitution allows the judicial power of the United States to extend to cases involving "Controversies . . . between Citizens of different States." U.S. Const. art III, §2.  Congress effectuated this provision in 28 U.S.C. §1332.

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.

### Complete Diversity Requirement

Complete diversity among the parties is not a constitutional requirement.  Rather, the

complete diversity rule is the result of a Supreme Court interpretation of the statutory grant of diversity jurisdiction. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (jurisdiction upheld); 13E Wright & Miller §3605, p. 227 (noting that the Supreme Court in *Tashire* "held that minimal diversity is sufficient to meet the requirement of the Constitution and that the rule of [complete diversity] is merely a construction of the general diversity statute").

### The Ninth Circuit follows the primary purpose test.

The primary purposes test requires a court to determine the primary purpose of a lawsuit and then to "align for jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute.'" *Prudential Real Estate Affiliates v. PPR Realty*, 204 F.3d 867, 873 (9th Cir. 2000) (jurisdiction upheld) (quoting *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1522–23 (9th Cir. 1987)).

—End—

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JOAQUIN A. ACOSTA, an individual; A.J. ACOSTA COMPANY, INC, a
California Corporation; and DOES 1-25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
COUNTY OF SAN BERNARDINO, a political subdivision of the State of California, on
behalf of the PEOPLE OF THE STATE OF CALIFORNIA



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 2 0 2019

BY _____
RAFAEL HERNANDEZ, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> **SUPERIOR COURT OF CALIFORNIA** <br> **COUNTY OF SAN BERNARDINO - SAN BERNARDINO JUSTICE CENTER** <br> **247 WEST THIRD STREET** <br> **SAN BERNARDINO, CALIFORNIA 92415-0210** | CASE NUMBER: <br> *(Número de Caso):* CIVDS1915265 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JASON M. SEARLES, DEPUTY COUNTY COUNSEL
OFFICE OF THE COUNTY COUNSEL, 385 NORTH ARROWHEAD AVENUE, FOURTH FLOOR
SAN BERNARDINO, CALIFORNIA 92415-0140 (909) 387-5455

| DATE: <br> *(Fecha)* MAY 2 0 2019 | Clerk, by <br> *(Secretario)* Rafael Hernandez | , Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc. <br> www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
|---|---|---|---|

20



1  JASON M. SEARLES, CA Bar No. 285896
   Deputy County Counsel
2  MICHELLE D. BLAKEMORE, CA Bar No. 110474
   County Counsel
3  385 North Arrowhead Avenue, 4th Floor
   San Bernardino, CA 92415-0140
4  Telephone:  (909) 387-5455
   Fax:        (909) 387-3070
5

6  Attorneys for Plaintiff,
   COUNTY OF SAN BERNARDINO
7

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 2 0 2019

BY _____
   RAFAEL HERNANDEZ, DEPUTY

*Exempt per Gov. Code § 6103*

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF SAN BERNARDINO

10                 SAN BERNARDINO JUSTICE CENTER

| | |
|---|---|
| 11  COUNTY OF SAN BERNARDINO, a<br>political subdivision of the State of<br>12  California, on behalf of the PEOPLE OF<br>THE STATE OF CALIFORNIA;<br>13<br>14      Plaintiff,<br>15      vs.<br>16  JOAQUIN A. ACOSTA, an individual; A.J.<br>ACOSTA COMPANY, INC, a California<br>17  Corporation; and DOES 1-25.<br>18      Defendants.<br>19<br>20<br>21 | Case No.   CIVDS1915265<br><br>COMPLAINT FOR:<br><br>1) VIOLATION OF THE SAN<br>   BERNARDINO COUNTY CODE;<br><br>2) NUISANCE *PER SE;*<br><br>3) PUBLIC NUISANCE; AND<br><br>4) DECLARATORY RELIEF<br><br><br><br>**DEEMED VERIFIED PURSUANT TO**<br>**C.C.P. § 446** |

22                          COMPLAINT

23  Plaintiff County of San Bernardino ("Plaintiff" or "County") alleges as follows:

24                     GENERAL ALLEGATIONS

25      1.    Plaintiff is a municipal corporation organized and existing under the laws of the

26  State of California.

27      2.    Plaintiff is informed and believes and thereon alleges that Defendant Joaquin A.

28  Acosta (also known as Andy Acosta, Andy Joaquin Acosta, and A.J. Acosta) is a resident of

#2JW4872
0165.00388

                                1
                           COMPLAINT

the County of San Bernardino and owner of record of real property located at 32112 State Highway 18, Lucerne Valley, CA 92356, in an unincorporated area within the County of San Bernardino, California, specifically identified as Assessor Parcel Number ("APN") 0450-081-16 (hereinafter the "Subject Property"), which is the subject of this Complaint.

3.     Plaintiff is informed and believes and thereon alleges that Defendant Joaquin A. Acosta (hereinafter "Acosta" or "Owner") acquired sole ownership of the Subject Property on or about March 24, 2017, pursuant to an Interspousal Transfer Grant Deed filed in the Official Records of the County of San Bernardino on or about April 17, 2017, as Document No. 2017-0157998.  Defendant Acosta is the Trustor of a Deed of Trust with Assignment of Rents recorded on April 17, 2017, as Document No. 2017-015799.  The beneficiary of the Deed of Trust is the prior owner, Dennis D. Rogers.  (A true and correct copy of the Interspousal Transfer Grant Deed and Deed of Trust with Assignment of Rents is collectively attached hereto as Exhibit "A" and incorporated herein by reference.)

4.     Plaintiff is informed and believes and thereon alleges that Defendant A.J. Acosta Company, Inc. (hereinafter "Acosta Company"), a California corporation (C1748377), is doing business in the County of San Bernardino, and that Defendants Acosta, Acosta Company, and Does 1-25, and each of them, at all times material to this Complaint, is, has claimed to be, or claims to be an occupant, tenant, possessor, or is otherwise in control of the Subject Property. Defendants Acosta, Acosta Company, and Does 1-25 are collectively referred to herein as "Defendants."

5.     Plaintiff is informed and believes and thereon alleges that Defendant Acosta is the Chief Executive Officer and President of Defendant Acosta Company, and that Defendants have held a license issued by the State of California, Department of Consumer Affairs, Contractors State License Board (license number 1010323) with one or more classification including, but not limited to, C12 Earthwork and Paving, C21 Building Moving and Demolition, and C61/D49 Tree Service; and that such license was issued on or about January 14, 2016, with an expiration date of January 31, 2020; and the Defendants, and each of them, are utilizing the Subject Property as part of their contactor's business and operation, including,

but not limited to, the storage of large contractor equipment, vehicles, and/or other materials commonly used in their business.

6.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as Does 1 through 25, inclusive, are unknown to Plaintiff, who therefore sues said defendants by fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities when they have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the Doe defendants is responsible in some manner for the nuisance and substandard conditions herein alleged.

7.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE SAN BERNARDINO COUNTY CODE

(Chapter 82.05: Commercial Land Use Zoning Districts; IPMC Sections 302.8 and 308.1)

Against All Defendants

8.    Plaintiff re-alleges and incorporates paragraphs 1 through 7 of the Complaint as though set forth in full herein.

9.    At all times material to this Complaint, the San Bernardino County Code ("SBCC"), Titles 1-7, inclusive, and Title 8 ("Development Code") were in full force and effect and the zoning district designation for the Subject Property was, is, and continues to be within Lucerne Valley/Rural Commercial (LV/CR) Land Use Zoning District.

10.   Plaintiff brings this first cause of action for violation of SBCC Chapter 82.05 (Commercial Land Use Zoning Districts), and International Property Maintenance Code (IPMC) §§ 302.8 and 308.1, pursuant to SBCC Chapter 11.02 (Violations and Enforcement) and SBCC Chapter 86.09.

11.   SBCC §§ 11.0207(a) and 86.09.100(a) (Injunctive Relief and Abatement) authorizes Plaintiff to enforce violations of the County Code by commencing a civil action to

#21W4872
0165.00388

3
**COMPLAINT**

23

abate, remove, or correct violations; seek injunctive relief; and recover abatement costs and/or civil penalties.

12.     SBCC §§ 11.0207(b) and 86.09.100(b) (Civil Remedies and Penalties) provides that any person, whether acting as principal, agent, employee, owner, lessor, lessee, tenant, occupant, operator, contractor, or otherwise, who violates any provision of the County Code shall be liable for a civil penalty not to exceed $1,000.00 per violation for each day or any portion thereof the violation continues to exist. SBCC §§ 11.0207(c) and 86.09.100(c) (Attorney's Fees) also provides that in any civil action to abate a public nuisance, attorney's fees may be recovered by the prevailing party in accordance with Government Code § 25845.

13.     SBCC § 86.09.040 (Unlawful to Violate Development Code Provisions) provides that it is unlawful for any person to violate, or to cause or to allow a violation of any provision of the Development Code; and that each and every day any violation of the Development Code is committed, continued, or allowed is a new and separate offense. Furthermore, SBCC § 11.0202 makes it unlawful to violate any provision of the SBCC, including adopted codes. Pursuant to SBCC § 63.1901, the County has adopted the IPMC.

14.     SBCC § 86.09.050(a) (Use of Land) provides that any use of land that is not allowed by the Development Code and/or which is conducted without first obtaining all permits and/or licenses otherwise required pursuant to all applicable state and/or federal laws and/or other provisions of the SBCC is declared unlawful and a public nuisance. SBCC § 11.0202 also states that each and every violation of the County Code, Titles 1–8, inclusive, is declared unlawful and a public nuisance.

15.     SBCC Chapter 82.05: Commercial Land Use Zoning Districts (§ 82.05.01 through § 82.05.060, inclusive, and the tables included therein) establishes the allowed land uses, permit requirements, and standards applicable to properties located within a CR Land Use Zoning District, where the Subject Property is located. Moreover, the Development Code is a permissive code which means any use not specifically listed within any land use table is a use that is not allowed. (SBCC §§ 81.02.020(b) and 82.02.030(a)(2).)

#21W4872
0165.00388

4
**COMPLAINT**

24

16.    Pursuant to SBCC § 82.05.040 and Table 81-11, the following land uses and permit requirements for a CR Land Use Zoning District include:

(a)    A minor use permit or conditional use permit before the establishment, operation, and/or maintenance of a "construction contractor storage yard" (as defined by SBCC § 810.01.050(hhh));

(b)    An approved Site Plan Permit in compliance with Chapter 85.08, or alternatively a minor use permit or conditional use permit if maximum building coverage exceeds 10,000 sq. ft., the use will have more than 20 employees per shift, or if not exempt from California Environmental Quality Act, before the establishment, operation, and/or maintenance of a "firewood contractor" (as defined by SBCC § 810.01.080(f)), in compliance with specific use regulations identified in Chapter 84.09 (Firewood Storage); and

(c)    The establishment, operation, and/or maintenance of a "junk and salvage facility" (as defined by SBCC § 810.01.120(a)) is not a use listed in SBCC § 82.05.040 and Table 81-11 and, therefore, is not allowed in a CR Land Use Zoning District where the Subject Property is located.  Outdoor salvage uses for logging yards such as a "junk and salvage facility" (as defined by SBCC § 810.01.120(a)) are limited to IR (Regional Industrial) Land Use Zoning Districts within the County.  No other outdoor storage land uses are listed in Table 82-11 that would authorize the use of the Subject Property for the open storage, dismantling, and/or selling of old cast off unused, scrap, or salvage lumber, log decks, cold decks, or as a lumber/logging facility.

17.    Plaintiff is informed and believes and thereupon alleges that from as early as April 25, 2017, to the present day, Defendants, and each of them, have used the Subject Property to operate and maintain, or have allowed the use, maintenance, and/or operation of the Subject Property, as an unpermitted land use in violation of Chapter 82.05.  Specifically, Defendants, and each of them, are operating (1) as an unpermitted "construction contractor storage yard," (2) as an unpermitted "firewood contractor," and/or (3) as an unlawful "junk and salvage facility" (as defined by SBCC § 810.01.050(hhh), 810.01.080(f), and 810.01.120(a),

#21W4872
0165.00388

25

respectively, and as listed or omitted from Table 81-11), as a result of Defendants activities, which include, but is not limited to, the outdoor storage of large equipment, vehicles, and/or other materials commonly used in Defendants' lumber yard, demolition, and/or tree service business; cutting, selling, storing, and/or delivering firewood, lumber, or other wood products; and/or for open storage, dismantling, and/or selling of old cast off unused, scrap, or salvage lumber, log decks, cold decks, and other wood and construction material commonly used in Defendants' business.

18.     Since April 25, 2017, through the present, the County has issued Defendants multiple notices via regular and certified mail, including a Notice of Violation and three Administrative Citations ("County Notices"), identifying the violations located on the Subject Property, as described herein, and providing Defendants with instructions and a timeline for the abatement of said violations.  Notwithstanding the County Notices, the land uses alleged herein continue to be maintained, are occurring, and/or are allowed to exists on the Subject Property without Defendants or their predecessors-in-interest having first obtained the required permits and approvals (e.g., site plan permit, minor use or conditional use permit), without meeting the applicable Development Code and fire prevention standards, and/or occurring when prohibited within a CR Land Use Zoning District (e.g. junk and salvage facility); each of which are in violation of SBCC Chapter 82.05: Commercial Land Use Zoning Districts.  (True and correct copies of the County Notices and inspection photographs are collectively attached hereto as Exhibit "B" and incorporated herein by reference.)

19.     Defendants, and each of them, have in the past unlawfully operated a similar construction business and storage yard in violation of the SBCC within parts of the unincorporated area of the County.  In 2005, the County obtained a nuisance judgment (i.e., an order voiding an incomplete 1999 Conditional Use Permit, a permanent injunction, and imposition of $145,000.00 in civil penalties) in Case No. BBCHS00310 against Defendants for their illegal storage and processing of wood and lumber products, and recycling/salvage operations on property located at 1000 North Shore Drive, Big Bear City, CA 92314.  In 2008, the County filed a cross-complaint for the continuing and expanded code violations (e.g., un-

#21W4872
0165.00388

permitted contractor-construction storage yard; heavy materials recycling and processing of mulch, dirt, and concrete) existing at 1000 North Shore Drive, Big Bear City, CA 92314, as Case No. CIVSS803651. The County obtained a judgment on its cross-complaint, resulting in the imposition of $721,000.00 in civil penalties and a permanent injunction. Defendants, and each of them, have now illegally moved their unpermitted land uses, as alleged herein, on the Subject Property in continued violation of the SBCC and will continue to illegally operate within the County unless specifically enjoined as requested herein.

20. Furthermore, IPMC §§ 302.8 (Motor vehicles) and 308.1 (Accumulation of rubbish or garbage) prohibit the storage of "inoperative or unlicensed motor vehicles" and require the exterior of property to be "free from any accumulation of rubbish or garbage." Notwithstanding these requirements, Defendants, and each of them, have maintained or otherwise allowed trash, debris, and inoperable motor vehicles to be illegally stored and scattered on the Subject Property in violation of the SBCC.

21. Plaintiff is informed and believes and thereupon alleges that to the extent Defendants, or any of them, claim to have legal, non-conforming use rights as an exception or exemption from the requirements of SBCC Chapter 82.05 for their continuing use of the Subject Property as an unpermitted land use, as alleged herein, they have failed to exhaust the administrative remedy of applying for a Certificate of Land Use Approval/Compliance, or the lawful, current equivalent thereof for the Subject Property.

<u>SECOND CAUSE OF ACTION</u>

NUISANCE *PER SE*

(SBCC Sections 11.0207 and 86.09.050 and

California Civil Code Section 3479 and 3480)

Against All Defendants

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 of the Complaint as though set forth in full herein.

27

23.     Plaintiff brings this second cause of action pursuant to SBCC §§ 11.0207 and 86.09.100, which permits the County to enforce any violation of the SBCC and its zoning laws by seeking injunctive relief, among other remedies.

24.     Pursuant to Cal. Const. Art. XI, section 7, "[a] county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." "A nuisance *per se* arises when a legislative body with appropriate jurisdiction, in the exercise of the police power, expressly declares a particular object or substance, activity, or circumstance, to be a nuisance." (*Beck Development Co. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160, 1206.)

25.     SBCC § 86.09.050 declares that any use of land that is not allowed by the County's Development Code, or occurs first without obtaining the required permits, is unlawful and a public nuisance. Furthermore, any conditions caused, maintained, allowed, or permitted to exist in violation of the SBCC, or its adopted codes including building codes found in Title 6 of the SBCC, is a public nuisance. (SBCC § 11.0202.)

26.     Defendants, and each of them, have allowed, maintained, and caused violations of the SBCC and its adopted codes due to the unpermitted uses of the Subject Property, as alleged in this Complaint. These violations are nuisances *per se* pursuant to SBCC §§ 11.0202 and 86.09.050.

27.     Plaintiff is informed and believes and thereon alleges that any use of the Subject Property that is contrary to any provision of the SBCC, as alleged in this Complaint, is unlawful and declared a public nuisance pursuant to SBCC §§ 11.0202 (Enforcement Remedies and Penalties are Cumulative and Discretionary; Not exclusive; Declaration of Public Nuisance) and 86.09.050 (Violations of Development Code Declared Public Nuisance).

28.     Plaintiff has no adequate remedy at law in that damages alone are neither a substitute for compliance with the zoning regulations and standards as set forth in the SBCC, nor adequate to protect the public from the present, continuing injury and harm caused by the acts and omissions of the Defendants, and each of them, in violation of the SBCC as alleged in

28

this Complaint. An injunction and abatement are required to prevent a multiplicity of actions. Unless Defendants, and each of them, are permanently enjoined by an order of this Court from maintaining the Subject Property as a public nuisance; and, to pay a civil penalty under SBCC §§ 11.0207(b) and 86.09.100(b) of up to a $1,000.00 per violation for each day or portion thereof the Subject Property was maintained as a public nuisance in violation of the SBCC, as herein alleged, such violations will continue and the residents and citizens of the County of San Bernardino and People of the State of California will suffer and continue to suffer irreparable harm.

29.     Plaintiff is informed and believes and thereon alleges that each of the acts and omissions of the Defendants, and each of them, committed and omitted in violation of the SBCC as alleged in this Complaint constitute public nuisances *per se* for each and every day or portion thereof such violations have occurred, occur, and continue to occur.

30.     Plaintiff is informed and believes and thereon alleges that Defendant Acosta is, has claimed, or claims to be the owner of the Subject Property and, therefore, is strictly liable for any and all nuisances created and/or maintained at or on the Subject Property, as alleged in this Complaint, regardless of whether he created the nuisances and regardless of whether he has the lawful ability to abate the nuisances. Further, Defendants and each of them, are each strictly liable for all abatement costs pursuant to SBCC § 86.09.100 (Civil Actions).

<u>THIRD CAUSE OF ACTION</u>

PUBLIC NUISANCE

(Civil Code Section 3479, 3480, 3491 and 3494)

Against All Defendants

31.     Plaintiff re-alleges and incorporates paragraphs 1 through 30 of the Complaint as though set forth in full herein.

32.     Plaintiff brings this third cause of action pursuant to Code of Civil Procedure §§ 526(a) and 731, and Civil Code §§ 3479, 3480, 3491, and 3494.

#2JW4872
0165.00388

9
**COMPLAINT**

29

33.    According to Civil Code § 3479, anything that is injurious to health, is indecent or offensive to the senses, or is an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance.

34.    Defendants' maintenance of the Subject Property in violation of the SBCC, which includes unpermitted land uses, lack of permits, storage of inoperative vehicles, accumulation of rubbish or garbage, and violation of fire prevention standards—is injurious to the public health, offensive to the senses, and interferes with the public's comfortable enjoyment of life and property that the community should enjoy.

35.    Civil Code § 3480 defines a public nuisance as one, which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal.

36.    As set forth in this Complaint, Defendants, and each of them, through their wrongful and unlawful activity as alleged in this Complaint, commencing on or about April 25, 2017, and continuing through the present, have created and maintained a public nuisance at the Subject Property pursuant to California Civil Code §§ 3479 and 3480 insofar as the violations of the County's laws render the Subject Property unsightly, a blight within the community, a danger to the health and safety of the community, a fire hazard, and a source of depreciation in value of neighboring parcels. Therefore, the Subject Property constitutes a public nuisance and is subject to injunctive relief to prohibit continuing violations, future violations, and to cause compliance with the law.

37.    Plaintiff has no adequate remedy at law in that damages alone are neither a substitute for compliance with the zoning regulations and standards as set forth in the SBCC, nor adequate to protect the public from the present, continuing injury and harm caused by the acts and omissions of the Defendants, and each of them, in violation of the SBCC as alleged in this Complaint. An injunction and abatement are required to prevent a multiplicity of actions. Unless Defendants, and each of them, are permanently enjoined by an order of this Court from maintaining the Subject Property as a public nuisance; and, to pay a civil penalty under SBCC

#21W4872
0165.00388

10
**COMPLAINT**

30

§§ 11.0207(b) and 86.09.100(b) of $1,000.00 per violation for each day or portion thereof the Subject Property was maintained as a public nuisance in violation of the SBCC, as herein alleged, such violations will continue and the residents and citizens of the County of San Bernardino and People of the State of California will suffer and continue to suffer irreparable harm.

## FOURTH CAUSE OF ACTION

### DECLARATORY RELIEF

### Against All Defendants

38.     Plaintiff re-alleges and incorporates paragraphs 1 through 37 of the Complaint as though set forth in full herein.

39.     Plaintiff is informed and believes and thereupon alleges that a dispute has arisen between the parties in that the County believes violations of the SBCC and public nuisance conditions as fully described herein exist on the Subject Property, that the County has the right to enforce the SBCC against the violations stated herein and abate the public nuisances arising from such violations, charging all such enforcement and abatement costs jointly and severally to the Defendants, and each of them, for the violations stated herein; and Defendants do not agree with this allegation. It is necessary and appropriate for the Court to render a judicial declaration of rights and obligations of the parties as stated herein. Therefore, there is a dispute requiring resolution by this Court.

40.     Plaintiff desires a judicial determination for its rights and duties for the violations alleged herein

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

## FIRST CAUSE OF ACTION

1.     That the Subject Property, as a result of its unlawful uses by the Defendants, and each of them, be declared in violation of the SBCC, a public nuisance, and that the nuisance be permanently abated by Defendants, and each of them, in accordance with

#2IW4872
0165.00388

11
**COMPLAINT**

*31*

California Civil Code §§ 3479 and 3480, California Code of Civil Procedure § 731, and SBCC §§ 11.0207, 86.09.050 and 86.09.100(a).

2. For a Preliminary and Permanent Injunction enjoining the Defendants, their agents, tenants, and anyone acting on their behalf, and their heirs, assignees, and successors in interest from maintaining the Subject Property, as well as other properties within the unincorporated County, in violation of the SBCC and state law as stated within this Complaint;

3. For a declaration of rights and order in favor of the County allowing it to abate any and all nuisance on the Subject Property as alleged in this Complaint; and that the Court provide an order authorizing the County, its employees, agents, and/or contractors to enter the Subject Property and abate the public nuisance(s) by removing any and all materials of any kind, uses, and/or objects maintained on the Subject Property in violation of the SBCC, at the time of judgment and thereafter; and that the Court authorize the County to assess all nuisance abatement costs, fines, and penalties against the Defendants, jointly and severally, and to collect such costs, fines and penalties in any manner provided by law, including but not limited to, via special assessment.

4. For civil penalties of up to one thousand dollars ($1,000.00) per day for each violation of the San Bernardino County Code, in accordance with SBCC §§ 11.0207 and 86.09.100, in an amount according to proof at the time of trial.

5. That Plaintiff recovers the costs of suit, including attorney's fees, costs of investigation and discovery from Defendants, and each of them, their successors and assigns, as provided by California Civil Code § 3496, SBCC §§ 11.0207 and 86.09.100; and

6. For such other and further relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION

1. That the Subject Property, as a result of its unlawful uses by the Defendants, and each of them, be declared in violation of the SBCC, a nuisance *per se*, and that the nuisance be permanently abated by Defendants, and each of them, in accordance with

32

California Civil Code §§ 3479 and 3480, California Code of Civil Procedure § 731, and SBCC §§ 11.0207, 86.09.050 and 86.09.100(a).

2. For a Preliminary and Permanent Injunction enjoining the Defendants, their agents, tenants, and anyone acting on their behalf, and their heirs, assignees, and successors in interest from maintaining the Subject Property, as well as other properties within the unincorporated County, in violation of the SBCC and state law as stated within this Complaint;

3. For a declaration of rights and order in favor of the County allowing it to abate any and all nuisance on the Subject Property as alleged in this Complaint; and that the Court provide an order authorizing the County, its employees, agents, and/or contractors to enter the Subject Property and abate the public nuisance(s) by removing any and all materials of any kind, uses, and/or objects maintained on the Subject Property in violation of the SBCC, at the time of judgment and thereafter; and that the Court authorize the County to assess all nuisance abatement costs, fines, and penalties against the Defendants, jointly and severally, and to collect such costs, fines and penalties in any manner provided by law, including but not limited to, via special assessment.

4. For civil penalties of up to one thousand dollars ($1,000.00) per day for each violation of the San Bernardino County Code, in accordance with SBCC § 11.0207 and 86.09.100, in an amount according to proof at the time of trial.

5. That Plaintiff recovers the costs of suit, including attorney's fees, costs of investigation and discovery from Defendants, and each of them, their successors and assigns, as provided by California Civil Code § 3496, SBCC §§ 11.0207 and 86.09.100; and

6. For such other and further relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION

1. That the Subject Property, as a result of its unlawful uses by the Defendants, and each of them, be declared a public nuisance, and that the nuisance be permanently abated by Defendants, and each of them, in accordance with California Civil Code

#2IW4872
0165.00388

38

§§ 3479 and 3480, California Code of Civil Procedure § 731, and SBCC §§ 11.0207, 86.09.050 and 86.09.100(a).

    2.    For a Preliminary and Permanent Injunction enjoining the Defendants, their agents, tenants, and anyone acting on their behalf, and their heirs, assignees, and successors in interest from maintaining the Subject Property, as well as other properties within the unincorporated County, in violation of the SBCC and state law as stated within this Complaint;

    3.    For a declaration of rights and order in favor of the County allowing it to abate any and all nuisance on the Subject Property as alleged in this Complaint; and that the Court provide an order authorizing the County, its employees, agents, and/or contractors to enter the Subject Property and abate the public nuisance(s) by removing any and all materials of any kind, uses, and/or objects maintained on the Subject Property in violation of the SBCC, at the time of judgment and thereafter; and that the Court authorize the County to assess all nuisance abatement costs, fines, and penalties against the Defendants, jointly and severally, and to collect such costs, fines and penalties in any manner provided by law, including but not limited to, via special assessment.

    4.    For civil penalties of up to one thousand dollars ($1,000.00) per day for each violation of the San Bernardino County Code, in accordance with SBCC § 11.0207 and 86.09.100, in an amount according to proof at the time of trial.

    5.    That Plaintiff recovers the costs of suit, including attorney's fees, costs of investigation and discovery from Defendants, and each of them, their successors and assigns, as provided by California Civil Code  § 3496, SBCC §§ 11.0207 and 86.09.100; and

    6.    For such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

#21W4872
0165.00388

14
**COMPLAINT**

34

1

<u>FOURTH CAUSE OF ACTION</u>

2           1.    For a declaration of the respective legal rights and duties that exist

3     between the Plaintiff and Defendants, and each of them, as stated herein.

4

5     Dated: May 17 , 2019             MICHELLE D. BLAKEMORE
                                   County Counsel

6

7

8                                       JASON M. SEARLES
                                  Deputy County Counsel

9                                       Attorney for Plaintiff

10                                      COUNTY OF SAN BERNARDINO

11                                **VERIFIED BY OPERATION OF LAW UNDER**

                              **CODE OF CIVIL PROCEDURE § 446**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

#21W4872
0165.00388

15
**COMPLAINT**

35

# EXHIBIT A

36

RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
RESIDENTIAL DIVISION

**RECORDING REQUESTED BY:**
First American Title Company

**MAIL TAX STATEMENT
AND WHEN RECORDED MAIL DOCUMENT TO:**
Joaquin A. Acosta
P.O. Box 2889
Big Bear Lake, CA 92315

Electronically Recorded in Official Records, County of San Bernardino    4/17/2017
03:30 PM
CA



**BOB DUTTON**
ASSESSOR - RECORDER - CLERK
691  First American

Doc #: **2017-0157998**          Titles:  1      Pages:  3



| | |
|---|---|
| Fees | 21.00 |
| Taxes | .00 |
| Other | .00 |
| PAID | 21.00 |

_____ Space Above This Line for Recorder's Use Only _____

A.P.N.: 0450-081-16                                      File No.: OSA-5405461 (WS)

### INTERSPOUSAL TRANSFER GRANT DEED

This is an Interspousal Transfer and not a change in ownership under Section 63 of the Revenue and Taxation Code, and transfer by Grantor(s) is excluded from reappraisal as a creation, transfer, or termination, solely between the spouses of any co-owner's interest.
SURVEY MONUMENT FEE **$0**                  "This conveyance establishes sole and separate property of a spouse, R & T 11911."

The Undersigned Grantor(s) declare(s):  DOCUMENTARY TRANSFER TAX **$0**; CITY TRANSFER TAX **$0**;

This conveyance is solely between spouses and is EXEMPT from the imposition of Documentary Transfer Tax because it is an inter vivos gift pursuant to Section 11930 of the Revenue and Taxation Code and therefore consideration does not exceed $100 pursuant to 11911 of the Revenue and Taxation Code.

_____
Signature of Declarant

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Renee Acosta, spouse of Grantee**

hereby GRANTS to **Joaquin A. Acosta, a married man as his sole and separate property**

the following described property in the unincorporated area of the County of **San Bernardino**, State of **California**:

**See Exhibit A attached hereto for legal description.**

**It is the express intent of the Grantor, being the spouse of the Grantee, to convey all right, title and interest of the Grantor, community or otherwise, in and to the herein described property to the Grantee as his/her sole and separate property.**

Dated: March 24, 2017

_____
**Renee Acosta**

Mail Tax Statements To: **SAME AS ABOVE**

-------------------------------------------------------------------------------------------------

37

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the
truthfulness, accuracy, or validity of that document.

STATE OF _Calif_ )SS
COUNTY OF _San Bernardino_)

On _April 6, 17_ , before me, _Donna Corley_ , Notary
Public, personally appeared _Renee Acosta_ , who
proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

DONNA CORLEY
Commission # 2058441
Notary Public - California
San Bernardino County
My Comm. Expires Mar 19, 2018

Signature

_Donna Corley_

*This area for official notarial seal*

Page 2

38

A.P.N.: **0450-081-16**      Interspousal Transfer Grant Deed - continued      File No.: **OSA-5405461 (WS)**

## EXHIBIT A

THE WEST 1/2 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 11, TOWNSHIP 4 NORTH, RANGE 1 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPT THE SOUTH 50.00 FEET AS CONVEYED TO THE STATE OF CALIFORNIA BY DEED RECORDED MARCH 9, 1948 IN BOOK 2037, PAGE 399, OFFICIAL RECORDS.

EXCEPTING THEREFROM THAT PORTION AS CONVEYED TO THE COUNTY OF SAN BERNARDINO BY DOCUMENT RECORDED FINAL ORDER CONDEMNATION (CASE NO. CIVVS 900312) RECORDED JANUARY 24, 2012 AS INSTRUMENT NO. 2012-0026828 OF OFFICIAL RECORDS.

RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
RESIDENTIAL DIVISION

**RECORDING REQUESTED BY:**
First American Title Company

**AND WHEN RECORDED MAIL DOCUMENT TO:**
Dennis D. Rogers
32112 State Highway 18
Lucerne Valley, CA

Electronically Recorded in Official Records, County of San Bernardino   4/17/2017 03:30 PM CA



**BOB DUTTON**
ASSESSOR · RECORDER · CLERK
691  First American

Doc #: **2017-0157999**

| | |
|---|---|
| Titles: | 2 |
| Pages: | 6 |
| Fees | 45.00 |
| Taxes | .00 |
| Other | .00 |
| PAID | 45.00 |

_____ Space Above This Line for Recorder's Use Only _____

A.P.N.: 0450-081-16

File No.: OSA-5405461 (WS)

# DEED OF TRUST WITH ASSIGNMENT OF RENTS
## (LONG FORM)

THIS DEED OF TRUST, made this **3-24-2017,** between

TRUSTOR:  **Joaquin A. Acosta, a married man as his sole and separate property**

whose address is **42112 Bear Blvd., Big Bear Lake, CA 92315,**

TRUSTEE:  **First American Title Insurance Company, a Nebraska Corporation**

and BENEFICIARY:  **Dennis D. Rogers**

WITNESSETH: That Trustor irrevocably grants to Trustee in trust, with power of sale, that property in the City of Lucerne Valley, County of San Bernardino, State of California, described as:

> **THE WEST 1/2 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 11, TOWNSHIP 4 NORTH, RANGE 1 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.**
>
> **EXCEPT THE SOUTH 50.00 FEET AS CONVEYED TO THE STATE OF CALIFORNIA BY DEED RECORDED MARCH 9, 1948 IN BOOK 2037, PAGE 399, OFFICIAL RECORDS.**
>
> **EXCEPTING THEREFROM THAT PORTION AS CONVEYED TO THE COUNTY OF SAN BERNARDINO BY DOCUMENT RECORDED FINAL ORDER CONDEMNATION (CASE NO. CIVVS 900312) RECORDED JANUARY 24, 2012 AS INSTRUMENT NO. 2012-0026828 OF OFFICIAL RECORDS.**

together with rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits for the purpose of securing (1) payment of the sum of **$125,000.00**, with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

(Continued on Page 2)

1193 (1/94)
Page 1 of 6

40

A.    To protect the security of this Deed of Trust, Trustor agrees:

1)    To keep said property in good condition and repair, not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2)    To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary.  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3)    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4)    To pay, at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all cost, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5)    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B.    It is mutually agreed:

1)    That any award in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(Continued on Page 3)

1193 (1/94)
Page 2 of 6

41

2)    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require payment when due of all other sums so secured or to declare default for failure so to pay.

3)    That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easements thereon, or join in any extension agreement or any agreement subordinating the lien or charge hereof.

4)    That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

5)    That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said property, the collecting of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6)    That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of said having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for case in lawful money of the United States, payable at time of sale.  Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

(Continued on Page 4)

1193 (1/94)
Page 3 of 6

42

After deducting all costs, fees and expenses of Trustee and of this Trust, including costs of evidence of title in connection with sale, Trustee shall apply to proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

9) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

10) Trustor requests that copies of the notice of default and notice of sale be sent to Trustor's address as shown above.

Beneficiary requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Beneficiary's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the California Civil Code.

_Joaquin A. Acosta_

Joaquin A. Acosta

(Continued on Page 5)

1193 (1/94)
Page 4 of 6

43

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF _Calif._ )SS
COUNTY OF _San Bernadino_ )

On _April 6, 2017_, before me, _Donna Corley_, Notary Public, personally appeared _Joaquin A. Acosta_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

_Donna Corley_

DONNA CORLEY
Commission # 2058441
Notary Public - California
San Bernardino County
My Comm. Expires Mar 19, 2018

_This area for official notarial seal_

(Continued on Page 6)

1193 (1/94)
Page 5 of 6

44

-------------------------------------------------DO NOT RECORD-------------------------------------------------

## REQUEST FOR FULL RECONVEYANCE

*To be used only when note has been paid.*

To: First American Title Insurance Company, a Nebraska Corporation ,
**Trustee**

Dated:_____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

Mail Reconveyance to:

_____

_____

_____     By_____

_____     By_____

### NOTE:  Signatures on this Request for Full Reconveyance must be notarized.

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.
Both must be delivered to the Trustee for cancellation before reconveyance will be made.

45

# EXHIBIT B



47



48



49



385 N. Arrowhead Ave, First Floor, San Bernardino, CA 92415  |  Phone: (909) 684-4056 · Fax: (909) 387-8217

*www.SBCounty.gov*



**Land Use Services Department**
**Code Enforcement**

# NOTICE OF VIOLATION

**TO:**  JOAQUIN A. ACOSTA                                      **NOTICE DATE:**  08/29/2017

**ASSESSOR'S PARCEL NUMBER:**  0450-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            **CASE #:**  C201701422

**SITUS ADDRESS:**  32112 HWY 18 LUCERNE VALLEY, CA. 92356

**MAILING ADDRESS:**  PO BOX 2889 BIG BEAR LAKE, CA. 92315

**THE INDICATED VIOLATION(S) OF THE INTERNATIONAL PROPERTY MAINTENANCE CODE AND/OR THE SAN BERNARDINO COUNTY CODE WERE OBSERVED ON THE SUBJECT PROPERTY DURING AN INSPECTION CONDUCTED ON   08/21/2017   :**

☒ **IPMC 302.8 - Motor Vehicles:** No inoperative motor vehicle shall be parked, kept, or stored on any premises other than in a garage.
Corrective Action:  Remove the non-operational equipment such as the yellow dozer, and any other parts of other heavy equipment sat on the ground.

☒ **IPMC 108.1.4 - Unlawful Structures:** An unlawful structure that was erected, altered, or occupied contrary to law.
☐ Room Addition ☐ Garage Conversion ☐ Patio Cover ☐ Decking ☐ Carport ☒ Residence / Manufactured ☐ Shed-Cargo Container-Barn-Animal Enclosure
Corrective Action: The single wide structure located on the south west corner of the property and sitting on wheels will need to have permits from building and safety, or be removed from the property.

☐ **IPMC 108.1.5(7) - Dangerous Structure on Premises:** The structure or part of structure is likely to collapse or fail.
Corrective Action:

☐ **CRC R105.1 - Residential Building Permit Required:** Any construction, enlargement, alteration, demolition, installation, repair, conversion, or occupancy requires a construction permit.
Corrective Action:

☐ **IPMC 102.2 - Maintenance:** Structure or premises shall be maintained in good working order.
Corrective Action:

☐ **IPMC 302.7 - Accessory Structures:** Accessory structures, including detached garages, fences and walls, shall be maintained, structurally sound, and in good repair.
Corrective Action:

☒ **IPMC 308.1 - Garbage:** Exterior and interior of property shall be free from any accumulation of rubbish or garbage.
Corrective Action: The fence line areas along the property have accumulation of debris and weeds which will need to be removed from the property.

☐ **IPMC 504.1 - Plumbing Systems and Fixtures:** Plumbing fixtures shall be properly installed and maintained in working order.
Corrective Action:

☐ **IPMC 506.1 - Sanitary Drainage:** Plumbing fixtures shall be properly connected to either a public sewer system or an approved private sewage disposal system.
Corrective Action:

☐ **IPMC 602.2 - Heating Facilities:** Dwellings shall be provided with heating facilities.
Corrective Action:

☐ **IPMC 605.1 - Electrical Equipment:** Electrical equipment shall be properly installed and kept in a safe and approved manner.
Corrective Action:

☐ **SBCC 84.25.070 A & C – Occupancy/Camping:** It is unlawful to temporarily or permanently occupy any vehicle or temporary structure.
Corrective Action:

☐ **SBCC 84.04.090(h) - Animal Density Standards:** The number of animals shall be within approved limits.
Corrective Action:

☒ **SBCC 82.06.040 – Commercial land use zoning district allowed uses and permit requirements.**
Corrective Action:  The current operation of a large scale wood processing yard, equipment storage yard is not approved.  You are required to contact planning for the proper permit requirements.  Your failure to do so will result in further enforcement action.
☐
Corrective Action:

The indicated violations must be corrected within _____30_____ days from the date of this notice.  A re-inspection of this property to verify compliance will be completed after _____09/28/2017_____  Failure to correct the existing violation(s) may result in the issuance of administrative citations and/or civil or criminal prosecution. A lien and a special assessment on the property tax roll may also be placed against the subject property to recover any regulatory costs incurred by the County.

If you have questions regarding this notice please contact Code Enforcement at (909) 884-4056 or (760) 995-8140.

Notice received by: _____        Code Enforcement Officer: _____K. Bloomer_____

CERT                                                                                    Page 1 of __1__   Nov. 3, 2015

*51*





53







SAN BERNARDINO
COUNTY

www.sbcounty.gov

# County of San Bernardino
# Code Enforcement
# Administrative Citation

[ ] **WARNING ONLY**          [X] **CITATION**          **Citation No.**   CT170605994

| SERVICE INFORMATION | | | RESPONSIBLE PARTY'S DELIVERY INFORMATION | |
|---|---|---|---|---|
| CITATION DATE 10/13/2017 | TIME 07:30 AM | CO# C201701422 | MAILING ADDRESS (if different than location of violation) PO BOX 2889 | METHOD: [ ] Personal |
| APN 0450-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 | | | CITY, STATE, ZIP BIG BEAR LAKE,CA 92315 | [X] Standard Mail [X] Certified |

| PROPERTY INFORMATION | RESPONSIBLE PARTY / AGENT INFORMATION | |
|---|---|---|
| LOCATION OF VIOLATION(S) (Physical address if available) 32112 HWY 18 LUCERNE VALLEY, CA. 92356 0450-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 | NAME (First, Middle, Last) JOAQUIN A. ACOSTA | [ ] Business Owner [X] Property Owner |
| | DRIVERS LICENSE   STATE   CLASS   DATE OF BIRTH | [ ] Tenant [ ] Other |

| CODE SECTION SBCC | VIOLATION DATE | VIOLATION DESCRIPTION / REMEDY | COMPLY BY DATE | VIOLATION OCCURRENCE 1st $100 | 2nd $200 | 3rd $500 |
|---|---|---|---|---|---|---|
| IPMC 108.1.4 | 10/11/2017 | Unlawful Structure Requires Permits | 10/11/2017 | $100 | | |
| IPMC 302.8 | 10/11/2017 | Inoperative vehicles on the property | 10/11/2017 | $100 | | |
| IPMC 308.1 | 10/11/2017 | Junk/trash/debris on property | 10/11/2017 | $100 | | |
| 82.05.040 | 10/11/2017 | Commercial - Prohibited Land Use | 10/11/2017 | $100 | | |

YOU WERE PREVIOUSLY NOTICED THAT THE CURRENT USE WITH THE FIREWOOD WILL REQUIRE YOU TO OBTAIN PLANNING APPROVAL. THERE ARE SEVERAL PARTS OF HEAVY EQUIPMENT ALONG WITH THE YELLOW DOZER WHICH NEED TO BE REMOVED. THERE IS ALSO A SINGLE WIDE OFFICE TRAILER WHICH REQUIRES PERMITS OR MUST BE REMOVED ALONG WITH DEBRIS THAT IS ALONG THE FENCE LINE.

**TOTAL CITATION PENALTY DUE\***                     $400.00

| K.Bloomer | B3703 | [ ] *NOTE: If this box is checked, the penalty will be waived if ALL violations have been corrected by the comply by date(s) shown |
|---|---|---|
| Issuing Enforcement Officer Name | Employee ID | |
| WBloomer | 10-13-17 | |
| Issuing Enforcement Officer Signature | Date of Service | Signature of Responsible Party / Agent          Date |

### SEE LAST PAGE FOR PAYMENT, APPEAL RIGHTS, AND OTHER INFORMATION

Page 1 of 2

56



**SAN BERNARDINO**
**COUNTY**

www.sbcounty.gov

# County of San Bernardino
# Code Enforcement
# Administrative Citation

## IMPORTANT - READ CAREFULLY

Administrative Citation

Pursuant to California Government Code Section 53069.4(a), the San Bernardino County Code ("SBCC") (sections 11.0208, 33.0113, and 86.09.110 (and/or subsequent sections thereto as amended)) provides for the issuance of Administrative Citations with financial penalties for violations of the SBCC. The administrative penalty for each violation is as follows: one hundred dollars ($100) per violation for the First Citation, two hundred dollars ($200) per violation for the Second Citation, and five hundred dollars ($500) per violation for the Third Citation and each additional Administrative Citation for the same violation occurring within the same year. These administrative penalties are cumulative and Administrative Citations may be issued each day the violation continues after expiration of the time for compliance stated on the citation.

Payment

Payment must be made in full within thirty (30) calendar days of the issuance of the Administrative Citation. Payment may be in the form of a cashier's check, money order or personal check. **Do not send cash.** Checks should be made out to the County of San Bernardino. Please indicate the Administrative Citation number on your check. Payment may also be made on-line by credit/debit card at www.CitationProcessingCenter.com http://www.CitationProcessingCenter.com or by calling (800) 969-6158. Mail payment to the following address:

County of San Bernardino Code Enforcement
C/O Citation Processing Center
P.O. Box 7275
Newport Beach, CA 92658-7275

Consequences of Failure to Pay the Administrative Penalty

If payment in full is not received within thirty (30) calendar days of the date of issuance of the Administrative Citation, an additional late fee of fifty percent (50%) of the administrative penalty or penalties will be added to the amount and must be received within sixty (60) calendar days of the date of issuance of the Administrative Citation. If the total of the administrative penalty or penalties and the late fee is not received within sixty (60) days of the date of issuance of the Administrative Citation an additional late fee of fifty percent (50%) of the administrative penalty or penalties will be added thereafter.

Right of Appeal

Anyone issued an Administrative Citation may contest it by filing an appeal. In order to file an appeal, an "Administrative Citation Notice of Appeal" form together with the total amount of the administrative penalty or penalties must be sent to the address listed above and received within twenty (20) calendar days of the date of issuance of the citation. **The notice of appeal must include the reasons for the appeal.** Except as provided below, the failure to deposit the total amount of the administrative penalty or penalties, and complete and attach the notice of appeal shall render the appeal incomplete. The responsible party to whom the Administrative Citation was issued shall then be responsible for the total amount of the administrative citation penalty including any late fee. A notice of hearing date will be issued upon processing of the appeal request.

If you have been issued an Administrative Citation and believe you are unable to deposit the penalty amount at the time of filing the notice of appeal, you may contact Code Enforcement at the telephone number listed below and request an **advance deposit hardship waiver form.** This form must be filed with the written notice of appeal and within twenty (20) calendar days of the date of issuance of the citation. **To request an "Administrative Citation Notice of Appeal" form or if you need further information about how to comply with the SBCC please contact San Bernardino County Code Enforcement Division at (909) 884-4056.**

Consequences of Failure to Pay the Penalty Amount and Correct Violations

The failure of any Responsible Party to timely pay and/or appeal the administrative penalty or penalties assessed by the Administrative Citation, and any applicable late charges, may result in further action. The County may collect any past due administrative citation penalty or late payment charge by use of any available means, including without limitation, by recording with the County Recorder a notice of lien, describing the real property affected and the amount of the costs and administrative citation penalties claimed by the County. The County may transmit notice of the award of administrative costs and administrative citation penalty or penalties, or notice of the judgment thereon arising from a collection or other legal action, to the Treasurer/Tax Collector who shall place the amount thereof on the assessment role as a special assessment to be paid with County taxes, unless sooner paid. The County may also recover its collection costs: A judgment or award of such costs, penalties or damages may be enforced as set forth above and may also be enforced in any other manner provided by law. Payment of the administrative citation penalty or penalties does not relieve the responsible party of the responsibility to correct the violation(s) and shall not bar further enforcement by the County.

**If you need further clarification about payment or appeal of this citation, please call (800) 969-6158.**





59



SAN BERNARDINO
COUNTY
www.sbcounty.gov

# County of San Bernardino
# Code Enforcement
# Administrative Citation

☐ **WARNING ONLY**          ☒ **CITATION**          **Citation No.**   C170006156

| SERVICE INFORMATION | | | RESPONSIBLE PARTY'S DELIVERY INFORMATION | |
|---|---|---|---|---|
| **CITATION DATE** 11/13/2017 | **TIME** 04:20 PM | **CO#** C201701422 | **MAILING ADDRESS** (If different than location of violation) PO BOX 2889 | **METHOD** ☐ Personal |
| **APN** 0450-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 | | | **CITY, STATE, ZIP** BIG BEAR,CA 92315 | ☒ Standard Mail ☒ Certified |

| PROPERTY INFORMATION | RESPONSIBLE PARTY / AGENT INFORMATION | | | |
|---|---|---|---|---|
| **LOCATION OF VIOLATION(S)** (Physical address if available) 32112 HWY 18 LUCERNE VALLEY, CA. 92356 0450-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 | **NAME** (First, Middle, Last) JOAQUIN A. ACOSTA | | | ☐ Business Owner ☒ Property Owner |
| | **DRIVERS LICENSE** | **STATE** | **CLASS** | **DATE OF BIRTH** ☐ Tenant ☐ Other |

| CODE SECTION SBCC | VIOLATION DATE | VIOLATION DESCRIPTION / REMEDY | COMPLY BY DATE | VIOLATION OCCURRENCE | | |
|---|---|---|---|---|---|---|
| | | | | 1st $100 | 2nd $200 | 3rd $500 |
| IPMC 108.1.4 | 11/7/2017 | Unlawful Structure Requires Permits | 11/7/2017 | | $200 | |
| IPMC 302.8 | 11/7/2017 | Inoperative vehicles on the property | 11/7/2017 | | $200 | |
| IPMC 308.1 | 11/7/2017 | Junk/trash/debris on property | 11/7/2017 | | $200 | |
| 82.05.040 | 11/7/2017 | Commercial - Prohibited Land Use | 11/7/2017 | | $200 | |

THE USE OF THE LAND AS A FIREWOOD PROCESSING/STORING AND COMMERCIAL VEHICLE STORAGE YARD REQUIRES APPROVALS FROM COUNTY PLANNING. THERE ARE SEVERAL PARTS AND APPARENT INOPERABLE PIECES OF HEAVY EQUIPMENT THAT MUST BE REMOVED. THERE IS A SINGLE WIDE TRAILER WITHOUT PERMITS. OBTAIN OR REMOVE. THE YARD NEEDS CLEARED OF ALL TRASH.

**TOTAL CITATION PENALTY DUE\***          |          $800.00

| K.Bloomer | B3703 | ☐ *NOTE: If this box is checked, the penalty will be waived if ALL violations have been corrected by the comply by date(s) shown |
|---|---|---|
| Issuing Enforcement Officer Name | Employee ID | |
| | | |
| Issuing Enforcement Officer Signature | Date of Service | Signature of Responsible Party / Agent          Date |

**SEE LAST PAGE FOR PAYMENT, APPEAL RIGHTS, AND OTHER INFORMATION**

Page 1 of 2

60



SAN BERNARDINO
COUNTY

www.sbcounty.gov

# County of San Bernardino
# Code Enforcement
# Administrative Citation

## IMPORTANT - READ CAREFULLY

### Administrative Citation

Pursuant to California Government Code Section 53069.4(a), the San Bernardino County Code ("SBCC") (sections 11.0208, 33.0113, and 86.09.110 (and/or subsequent sections thereto as amended)) provides for the issuance of Administrative Citations with financial penalties for violations of the SBCC. The administrative penalty for each violation is as follows: one hundred dollars ($100) per violation for the First Citation, two hundred dollars ($200) per violation for the Second Citation, and five hundred dollars ($500) per violation for the Third Citation and each additional Administrative Citation for the same violation occurring within the same year. These administrative penalties are cumulative and Administrative Citations may be issued each day the violation continues after expiration of the time for compliance stated on the citation.

### Payment

Payment must be made in full within thirty (30) calendar days of the issuance of the Administrative Citation. Payment may be in the form of a cashier's check, money order or personal check. Do not send cash. Checks should be made out to the County of San Bernardino. Please indicate the Administrative Citation number on your check. Payment may also be made on-line by credit/debit card at www.CitationProcessingCenter.com http://www.CitationProcessingCenter.com or by calling (800) 969-6158.

Mail payment to the following address:     **County of San Bernardino Code Enforcement**
     **C/O Citation Processing Center**
     **P.O. Box 7275**
     **Newport Beach, CA 92658-7275**

### Consequences of Failure to Pay the Administrative Penalty

If payment in full is not received within thirty (30) calendar days of the date of issuance of the Administrative Citation, an additional late fee of fifty percent (50%) of the administrative penalty or penalties will be added to the amount and must be received within sixty (60) calendar days of the date of issuance of the Administrative Citation. If the total of the administrative penalty or penalties and the late fee is not received within sixty (60) days of the date of issuance of the Administrative Citation an additional late fee of fifty percent (50%) of the administrative penalty or penalties will be added thereafter.

### Right of Appeal

Anyone issued an Administrative Citation may contest it by filing an appeal. In order to file an appeal, an "Administrative Citation Notice of Appeal" form together with the total amount of the administrative penalty or penalties must be sent to the address listed above and received within twenty (20) calendar days of the date of issuance of the citation. **The notice of appeal must include the reasons for the appeal.** Except as provided below, the failure to deposit the total amount of the administrative penalty or penalties, and complete and attach the notice of appeal shall render the appeal incomplete. The responsible party to whom the Administrative Citation was issued shall then be responsible for the total amount of the administrative citation penalty including any late fee. A notice of hearing date will be issued upon processing of the appeal request.

If you have been issued an Administrative Citation and believe you are unable to deposit the penalty amount at the time of filing the notice of appeal, you may contact Code Enforcement at the telephone number listed below and request an **advance deposit hardship waiver form.** This form must be filed with the written notice of appeal and within twenty (20) calendar days of the date of issuance of the citation. **To request an "Administrative Citation Notice of Appeal" form or if you need further information about how to comply with the SBCC please contact San Bernardino County Code Enforcement Division at (909) 884-4056.**

### Consequences of Failure to Pay the Penalty Amount and Correct Violations

The failure of any Responsible Party to timely pay and/or assess the administrative penalty or penalties assessed by the Administrative Citation, and any applicable late charges, may result in further action. The County may collect any past due administrative citation penalty or late payment charge by use of any available means, including without limitation, by recording with the County Recorder a notice of lien, describing the real property affected and the amount of the costs and administrative citation penalties claimed by the County. The County may transmit notice of the award of administrative costs and administrative citation penalty or penalties, or notice of the judgment thereon arising from a collection or other legal action, to the Treasurer/Tax Collector who shall place the amount thereof on the assessment role as a special assessment to be paid with County taxes, unless sooner paid. The County may also recover its collection costs. A judgment or award of such costs, penalties or damages may be enforced as set forth above and may also be enforced in any other manner provided by law. Payment of the administrative citation penalty or penalties does not relieve the responsible party of the responsibility to correct the violation(s) and shall not bar further enforcement by the County.

**If you need further clarification about payment or appeal of this citation, please call (800) 969-6158.**







SAN BERNARDINO
COUNTY

www.sbcounty.gov

# County of San Bernardino
# Code Enforcement
# Administrative Citation

☐ **WARNING ONLY**     ☒ **CITATION**     **Citation No.** C170006222

| SERVICE INFORMATION | | | RESPONSIBLE PARTY'S DELIVERY INFORMATION | |
|---|---|---|---|---|
| CITATION DATE 11/30/2017 | TIME 10:20 AM | CO# C201701422 | MAILING ADDRESS (If different than location of violation) PO BOX 2889 | METHOD: ☐ Personal |
| APN 0450-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 | | | CITY, STATE, ZIP BIG BEAR,CA 92315 | ☒ Standard Mail ☒ Certified |

| PROPERTY INFORMATION | RESPONSIBLE PARTY / AGENT INFORMATION | |
|---|---|---|
| LOCATION OF VIOLATION(S) (Physical address if available) 32112 HWY 18 LUCERNE VALLEY, CA. 92356 0450-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 | NAME (First, Middle, Last) JOAQUIN A. ACOSTA | ☐ Business Owner ☒ Property Owner |
| | DRIVERS LICENSE | STATE | CLASS | DATE OF BIRTH | ☐ Tenant ☐ Other |

| CODE SECTION SBCC | VIOLATION DATE | VIOLATION DESCRIPTION / REMEDY | COMPLY BY DATE | VIOLATION OCCURRENCE 1st $100 | 2nd $200 | 3rd $500 |
|---|---|---|---|---|---|---|
| IPMC 302.8 | 11/29/2017 | Inoperative vehicles on the property | 11/29/2017 | | | $500 |
| IPMC 308.1 | 11/29/2017 | Junk/trash/debris on property | 11/29/2017 | | | $500 |
| 82.05.040 | 11/29/2017 | Commercial - Prohibited Land Use | 11/29/2017 | | | $500 |

THE USE OF THE LAND AS A FIREWOOD PROCESS/STORAGE AND COMMERCIAL VEHICLE STORAGE YARD REQUIRES APPROVALS FROM COUNTY PLANNING. THERE ARE SEVERAL PARTS AND INOPERABLE PIECES OF EQUIPMENT THAT MUST BE REMOVED FROM THE YARD. THE YARD HAS TRASH AND DEBRIS THAT MUST BE REMOVED NOT LIMITED TO BUT INCLUDING ALL CONCRETE AND METAL TOWERS.

**TOTAL CITATION PENALTY DUE\***     $1,500.00

| K.Bloomer | B3703 | ☐ \*NOTE: If this box is checked, the penalty will be waived if ALL violations have been corrected by the comply by date(s) shown |
|---|---|---|
| Issuing Enforcement Officer Name | Employee ID | |
| *[signature]* | 11-30-17 | |
| Issuing Enforcement Officer Signature | Date of Service | Signature of Responsible Party / Agent     Date |

## SEE LAST PAGE FOR PAYMENT, APPEAL RIGHTS, AND OTHER INFORMATION

Page 1 of 2

64



**SAN BERNARDINO COUNTY**

www.sbcounty.gov

# County of San Bernardino
# Code Enforcement
# Administrative Citation

## IMPORTANT - READ CAREFULLY

**Administrative Citation**

Pursuant to California Government Code Section 53069.4(a), the San Bernardino County Code ("SBCC") (sections 11.0208, 33.0113, and 86.09.110 (and/or subsequent sections thereto as amended)) provides for the issuance of Administrative Citations with financial penalties for violations of the SBCC. The administrative penalty for each violation is as follows: one hundred dollars ($100) per violation for the First Citation, two hundred dollars ($200) per violation for the Second Citation, and five hundred dollars ($500) per violation for the Third Citation and each additional Administrative Citation for the same violation occurring within the same year. These administrative penalties are cumulative and Administrative Citations may be issued each day the violation continues after expiration of the time for compliance stated on the citation.

**Payment**

Payment must be made in full within thirty (30) calendar days of the issuance of the Administrative Citation. Payment may be in the form of a cashier's check, money order or personal check. **Do not send cash.** Checks should be made out to the County of San Bernardino. Please indicate the Administrative Citation number on your check. Payment may also be made on-line by credit/debit card at www.CitationProcessingCenter.com http://www.CitationProcessingCenter.com or by calling (800) 969-6158. Mail payment to the following address:      **County of San Bernardino Code Enforcement**
**C/O Citation Processing Center**
**P.O. Box 7275**
**Newport Beach, CA 92658-7275**

**Consequences of Failure to Pay the Administrative Penalty**

If payment in full is not received within thirty (30) calendar days of the date of issuance of the Administrative Citation, an additional late fee of fifty percent (50%) of the administrative penalty or penalties will be added to the amount and must be received within sixty (60) calendar days of the date of issuance of the Administrative Citation. If the total of the administrative penalty or penalties and the late fee is not received within sixty (60) days of the date of issuance of the Administrative Citation an additional late fee of fifty percent (50%) of the administrative penalty or penalties will be added thereafter.

**Right of Appeal**

Anyone issued an Administrative Citation may contest it by filing an appeal. In order to file an appeal, an "Administrative Citation Notice of Appeal" form together with the total amount of the administrative penalty or penalties must be sent to the address listed above and received within twenty (20) calendar days of the date of issuance of the citation. **The notice of appeal must include the reasons for the appeal.** Except as provided below, the failure to deposit the total amount of the administrative penalty or penalties, and complete and attach the notice of appeal shall render the appeal incomplete. The responsible party to whom the Administrative Citation was issued shall then be responsible for the total amount of the administrative citation penalty including any late fee. A notice of hearing date will be issued upon processing of the appeal request.

If you have been issued an Administrative Citation and believe you are unable to deposit the penalty amount at the time of filing the notice of appeal, you may contact Code Enforcement at the telephone number listed below and request an **advance deposit hardship waiver form.** This form must be filed with the written notice of appeal and within twenty (20) calendar days of the date of issuance of the citation. **To request an "Administrative Citation Notice of Appeal" form or if you need further information about how to comply with the SBCC please contact San Bernardino County Code Enforcement Division at (909) 884-4056.**

**Consequences of Failure to Pay the Penalty Amount and Correct Violations**

The failure of any Responsible Party to timely pay and/or appeal the administrative penalty or penalties assessed by the Administrative Citation, and any applicable late charges, may result in further action. The County may collect any past due administrative citation penalty or late payment charge by use of any available means, including without limitation, by recording with the County Recorder a notice of lien, describing the real property affected and the amount of the costs and administrative citation penalties claimed by the County. The County may transmit notice of the award of administrative costs and administrative citation penalty or penalties, or notice of the judgment thereon arising from a collection or other legal action, to the Treasurer/Tax Collector who shall place the amount thereof on the assessment role as a special assessment to be paid with County taxes, unless sooner paid. The County may also recover its collection costs. A judgment or award of such costs, penalties or damages may be enforced as set forth above and may also be enforced in any other manner provided by law. Payment of the administrative citation penalty or penalties does not relieve the responsible party of the responsibility to correct the violation(s) and shall not bar further enforcement by the County.

**If you need further clarification about payment or appeal of this citation, please call (800) 969-6158.**

Page 2 of 2



65



66



## Log Deck(s) / Storage
## 32112 Hwy. 18 – Lucerne Valley

**Assignment:**
On Thursday, December 27, 2018 I was assigned to follow up on a complaint in Lucerne Valley. The reporting party stated that there was large log deck(s) at the location.

**Arrival:**
I arrived at the location at 1030 hours. The log deck(s) were located at 32112 Hwy. 18 in Lucerne Valley. Along with the log deck(s), heavy equipment appears to be stored at the location and possibly Above Ground Storage Tank(s) used for fueling. Photographs were taken, refer to attached Photo Narrative.

**Property Information:**
A property ownership search was conducted. According to the San Bernardino County Assessor's Parcel Information System, the property is owned by Acosta, Joaquin A., and assigned Assessors Parcel Number 0450-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. Situs is 32112 Hwy. 18, Lucerne Valley, CA. 92356. Mailing Address, PO Box 2889 Big Bear Lake, CA. 92315.

**Contact at Location:**
Negative contact at location.

**Notice of Violation:**
On Thursday, December 27, 2018 a Notice of Violation was sent via US Mail to Acosta Joaquin A., to the listed Mailing Address obtained from the San Bernardino County Assessor, PO Box 2889 Big Bear Lake, CA. 92315.
See attached Notice of Violation.

**Attached Information:**
Please refer to attached information.

**Reporting Officer:**


J. Gaona P252, Fire Prevention Officer

P252

68




# SAN BERNARDINO COUNTY FIRE DEPARTMENT
OFFICE OF THE FIRE MARSHAL - COMMUNITY SAFETY DIVISION

Page _1_ of _1_

Date: __12/27/18__

Occupancy Class: _____

As being used at time of inspection. Further research may indicate that legal use is different. If so, a revised Notice of Violation will be issued.

# NOTICE OF VIOLATION

☒ FIRST NOTICE
☐ SECOND NOTICE
☐ STOP WORK ORDER
☐ OTHER

Address/Location: __32112 Hwy. 18__   City/Community: __Lucerne Valley__

Owner/Representative: __Acosta, Joaquin A.__   Phone: _____

Mailing Address: __PO Box 2889 Big Bear Lake, CA. 92315__

An inspection/investigation was conducted at the above address on __12/27/18__. Based on conditions observed by the Inspector/Investigator, the following violation(s) exist:

☐ Work without valid permit                    ☒ Violation of the SBCoFPD Ordinance
☒ Illegal use or Occupancy                     ☐ Unsafe structure (building)
☐ Failure to comply with notice dated _____   ☒ Other (see description below)

An inspection was conducted from a public way at the afore-mentioned property/business with the following immediate actions required:

1. Shall obtain approval from San Bernardino County Planning for the business located at the above listed location.
2. Shall obtain all required permits from San Bernardino County Building and Safety.
3. Shall obtain all required permits from San Bernardino County Fire Department.
4. Shall comply with the San Bernardino County Fire Standard(s) G-2 Outside Firewood Storage and Logging Yards, 2016 California Fire Code, San Bernardino County Code, CA Forest Practice Rules, and all other related codes and regulations.

You are hereby ordered to comply by:

☐ STOP ALL WORK IMMEDIATELY
☐ STOP ALL WORK AS FOLLOWS: _____
☐ Unsafe structures (building) shall be corrected by one or more of the following:
   ☐ Secure from unauthorized entry (board up)   ☐ Rehabilitate   ☐ Prohibit occupancy by unauthorized person(s)
   ☐ Remove all combustible materials   ☐ Other: _____
   Rehabilitated structures, or other construction related violations, shall be approved by local building department prior to occupancy
☒ Obtain permit from one or more of following departments. (Discontinue unpermitted work until an approved permit has been issued)
   ☒ Fire   ☒ Building & Safety   ☒ Planning   ☐ Other: _____

**Additional comments:**

Copy sent via US Mail to above listed mailing address.

THE VIOLATION(S) NOTED ABOVE SHALL BE CORRECTED WITHIN __10__ DAYS UNLESS OTHERWISE NOTED. FAILURE TO COMPLY WITH THIS NOTICE WILL RESULT IN FURTHER ADMINISTRATIVE, CIVIL, OR CRIMINAL ACTION. A REINSPECTION WILL BE CONDUCTED ON OR ABOUT __01/06/19__ TO ENSURE COMPLIANCE.

If you have any questions, please contact the Inspector/Investigator at: __(760) 995-8190__   Mon. – Fri., 8:00 A.M. – 5:00 P.M.

J. Gaona P252

Issuing Officer (Print)   Responsible Party (Print)   ☐ Violation(s) cleared

Issuing Officer (Sign)   Responsible Party (Sign)

620 South E Street, San Bernardino, CA 92415 • Phone (909) 386-8400 • Fax (909) 386-8460 • www.sbcfire.org   Rev: 1/2018
White: Fire Department   Canary: Copy 1   Pink: Copy 2

**EMAIL**

69

# PHOTO NARRATIVE



| | |
|---|---|
| **PHOTO 1** | |
| **PHOTO 2** | |

| | | | |
|---|---|---|---|
| Owner Name: | Acosta, Joaquin A | **APN/GPS:** | 0450-081-16 |
| Property Address | 32112 Hwy. 18, Lucerne Valley | | |
| 1) Description | Log Deck(s) | | |
| 2) Description | Log Decks(s) | | |
| Date Taken: | 12/27/2018 | | |
| Taken by: | J. Gaona P252 | | |

1

70

## PHOTO NARRATIVE



**PHOTO 3**

**PHOTO 4**

| | | | |
|---|---|---|---|
| Owner Name: | Acosta, Joaquin A. | APN/GPS: | 0450-081-16 |
| Property Address | 32112 Hwy. 18, Lucerne Valley | | |
| 3) Description | Log Decks(s) | | |
| 4) Description | Log Deck(s) and Equipment | | |
| Date Taken: | 12/27/2018 | | |
| Taken by: | J. Gaona P252 | | P252 |

2

71

## PHOTO NARRATIVE



**PHOTO 5**

**PHOTO 6**

| | | | |
|---|---|---|---|
| Owner Name: | Acosta, Joaquin A. | APN/GPS: | 0450-081-16 |
| Property Address | 32112 Hwy. 18, Lucerne Valley | | |
| 5) Description | Street View (Hwy. 18) | | |
| 6) Description | Equipment / AST | | |
| Date Taken: | 12/27/18 | | |
| Taken by: | J. Gaona P252 | *P252* | |

3

72





73



74









76







05/02/2019

78

COPY

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

**JASON M. SEARLES**, Deputy County Counsel, CA Bar No. 285896
**MICHELLE D. BLAKEMORE**, County Counsel, CA Bar No. 110474
**Office of County Counsel, 385 North Arrowhead Avenue, Fourth Floor**
San Bernardino, California 92415-0410

TELEPHONE NO.: (909) 387-5455    FAX NO.: (909) 387-3070
ATTORNEY FOR *(Name):*  County of San Bernardino

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: **247 West Third Street**
MAILING ADDRESS: **247 West Third Street**
CITY AND ZIP CODE: **San Bernardino 92415-0210**
BRANCH NAME: **San Bernardino Justice Center**

CASE NAME: COUNTY OF SAN BERNARDINO v. JOAQUIN A. ACOSTA, an individual; A.J. ACOSTA COMPANY, INC., a California Corporation; and DOES 1-25

*FOR COURT USE ONLY*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 20 2019

BY _____
RAFAEL HERNANDEZ, DEPUTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CIVDS1915265 |
|---|---|---|---|

☒ Unlimited (Amount demanded exceeds $25,000)  ☐ Limited (Amount demanded is $25,000 or less)   ☐ Counter  ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☒ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 17, 2019

**JASON M. SEARLES, Deputy County Counsel**
_____   _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

79

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36) Other
  Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
    *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

American LegalNet, Inc.
www.FormsWorkflow.com



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COUNTY OF SAN BERNARDINO, et al.

vs.

JOAQUIN A. ACOSTA, an individual; A.J.
ACOSTA COMPANY, INC, a California
Corporation; and DOES 1-25

CASE NO.: _____ CIVDS1915265

**CERTIFICATE OF ASSIGNMENT**

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
**CENTRAL** _____ District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General          ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other **Nuisance** | The cause arose within the district. |
| ☐ | 21. THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |  |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Joaquin A. Acosta | 32112 State Highway 18 | |
|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS | |
| Lucerne Valley | California | 92356 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on _____ **May 17, 2019** at **San Bernardino** _____, California

_____
Signature of Attorney/Party
**JASON M. SEARLES, Deputy County Counsel**

## CERTIFICATE OF ASSIGNMENT

American LegalNet, Inc.
www.FormsWorkFlow.com

81

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                        CASE NO: CIVDS1915265
    OFFICE OF COUNTY COUNSEL
    385 NORTH ARROWHEAD AVENUE
    4TH FLOOR
    SAN BERNARDINO CA 92415
                            NOTICE OF TRIAL SETTING CONFERENCE


IN RE: COUNTY OF SB V JOAQUIN A ACOSTA

THIS CASE HAS BEEN ASSIGNED TO: JOHN M PACHECO IN DEPARTMENT S31
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 West Third Street
SAN BERNARDINO, CA  92415-0210.

    HEARING DATE: 11/20/19 at  8:30 in Dept. S31


DATE: 05/20/19  Nancy Eberhardt, Court Executive Officer
                            By: RAFAEL HERNANDEZ
------------------------------------------------------------------------
------------------------------------------------------------------------
                CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(✓) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 05/20/19
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 05/20/19 at San Bernardino, CA

                            BY: RAFAEL HERNANDEZ

PLEASE COMPLETE THIS INFORMATION.

RECORDING REQUESTED BY:
JASON M. SEARLES

AND WHEN RECORDED MAIL TO:
JASON M. SEARLES
Deputy County Counsel
MICHELLE D. BLAKEMORE
County Counsel
385 N. Arrowhead Avenue, 4th Floor
San Bernardino, California 92415

Recorded in Official Records, County of San Bernardino     5/21/2019
                                                            2:18 PM
**BOB DUTTON**                                              EM
ASSESSOR – RECORDER – CLERK                                 SAN

P Counter

Doc# **2019 – 0163732**

| Titles | 1 | Pages | 4 |
|--------|---|-------|---|
| Fees   |   |       | 0.00 |
| Taxes  |   |       | 0.00 |
| CA SB2 Fee |  |   | 0.00 |
| Others |   |       | 0.00 |
| Paid   |   |       | $0.00 |

*THIS SPACE FOR RECORDER'S USE ONLY*

## NOTICE OF PENDENCY OF NUISANCE ABATEMENT ACTION (LIS PENDENS)

County of San Bernardino v. Joaquin A. Acosta, et al.
(APN No. 0450-081-16)

Case No. CIVDS 1915265

Pursuant to Government Code section 27383, "No fee shall be charged by the recorder for service rendered to the State, to any Municipality, County of the State or other political subdivision thereof, except for making a copy of paper record."

9/95
Rec. Form #R25

American LegalNet, Inc.
www.USCourtForms.com

ORIGINAL

1    JASON M. SEARLES, CA Bar No. 285896
     Deputy County Counsel
2    MICHELLE D. BLAKEMORE, CA Bar No. 110474
     County Counsel
3    385 North Arrowhead Avenue, 4th Floor
     San Bernardino, CA 92415-0140
4    Telephone: (909) 387-5455
     Fax:       (909) 387-3070
5

6    Attorneys for Plaintiff,
     COUNTY OF SAN BERNARDINO
7

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 20 2019

BY _____
        RAFAEL HERNANDEZ, DEPUTY

*Exempt per Gov. Code § 6103*

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SAN BERNARDINO

10                        SAN BERNARDINO JUSTICE CENTER

11   COUNTY OF SAN BERNARDINO, a          )   Case No.   CIVDS1915265
     political subdivision of the State of  )
12   California, on behalf of the PEOPLE OF )   **NOTICE OF PENDENCY OF NUISANCE**
     THE STATE OF CALIFORNIA;             )   **ABATEMENT ACTION**
13                                         )   **(LIS PENDENS)**
14          Plaintiff,                     )
                                           )   [San Bernardino County Code §86.09.120]
15          vs.                            )
                                           )
16   JOAQUIN A. ACOSTA, an individual; A.J. )
     ACOSTA COMPANY, INC, a California     )
17   Corporation; and DOES 1-25           )
                                           )
18          Defendants.                    )
                                           )
19   _____)

20          NOTICE IS HEREBY GIVEN that Plaintiff COUNTY OF SAN BERNARDINO has

21   commenced an action in the above-entitled matter in the Superior Court of the State of

22   California for the County of San Bernardino and against Defendants JOAQUIN A. ACOSTA,

23   an individual; A.J. ACOSTA COMPANY, INC, a California Corporation; and DOES 1-25.

24          The purpose of said action is to abate and/or enjoin a public nuisance occurring on real

25   property located at 32112 State Highway 18, Lucerne Valley, CA 92356, in an unincorporated

26   area within the County of San Bernardino, California, specifically identified as Assessor Parcel

27   Number ("APN") 0450-081-16 (the "Subject Property"). A public nuisance is occurring on the

28   Subject Property as a result of land use and zoning violations of the San Bernardino County

#21Y5081
0165.00388

1   Code, as described fully in the complaint for the above-entitled matter.

2       Said real property is situated in the County of San Bernardino, California and is more

3   particularly described as:

4

| APN No. | Legal Description |
|---------|------------------|
| 0450-081-16 | HE WEST 1/2 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 11, TOWNSHIP 4 NORTH, RANGE 1 WEST, SAN BERNARDINO MERIDIAN, IN THE COUNTY OF SAN BERNARDINO, STATE OF CAUFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF. EXCEPT THE SOUTH 50.00 FEET AS CONVEYED TO THE STATE OF CAUFORNIA BY DEED RECORDED MARCH 9, 1948 IN BOOK 2037, PAGE 399, OFFICIAL RECORDS. EXCEPTING THEREFROM THAT PORTION AS CONVEYED TO THE COUNTY OF SAN BERNARDINO BY DOCUMENT RECORDED FINAL ORDER CONDEMNATION (CASE NO. CIWS 900312) RECORDED JANUARY 24, 2012 AS INSTRUMENT NO. 2012-0026828 OF OFFICIAL RECORDS. |

#21Y5081
0165.00388

2

**NOTICE OF PENDENCY OF NUISANCE ABATEMENT ACTION**

85

1    Dated: May 17, 2019

2                                    MICHELLE D. BLAKEMORE
                                     County Counsel
3

4                                    JASON M. SEARLES
                                     Deputy County Counsel
5                                    Attorney for Plaintiff
                                     COUNTY OF SAN BERNARDINO
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

#2IY5081
0165.00388

3
**NOTICE OF PENDENCY OF NUISANCE ABATEMENT ACTION**

86

## CIV-190624-CIV-DS1915265-PSSC-110602

### Scanned Document Coversheet

| | |
|---|---|
| System Code: | CIV |
| Case Number: | DS1915265 |
| Case Type: | CIV |
| Action Code: | PSSC |
| Action Date: | 06/24/19 |
| Action Time: | 11:06 |
| Action Seq: | 0002 |
| Printed by: | SJAMI |

THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

**Proof of Service of Summons and Comp/Pet on A.J. ACOSTA COMPANY, INC, A CALIFORNIA; Defendant/Respondent served on 06/17/19 with costs of $213.50 filed.**



NEW FILE

87

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(name and Address)*
JASON M. SEARLES, (SBN 285896)
DEPUTY COUNTY COUNSEL
MICHELLE D. BLAKEMORE, (SBN 110474)
COUNTY COUNSEL
OFFICE OF COUNTY COUNSEL
SAN BERNARDINO COUNTY COUNSEL
385 NORTH ARROWHEAD AVENUE, 4TH FLOOR
SAN BERNARDINO, CA 92415

TELEPHONE NO.: (909) 387-5288        FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)* :
ATTORNEY FOR *(Name)*: COUNTY OF SAN BERNARDINO

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
STREET ADDRESS: 247 W. THIRD ST.
MAILING ADDRESS:
CITY AND ZIP CODE: SAN BERNARDINO, CA 92415
BRANCH NAME: SAN BERNARDINO JUSTICE CENTER

*FOR COURT USE ONLY*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 2 4 2019

BY _____
SARBRINA JAMISON, DEPUTY

PLAINTIFF/PETITIONER: COUNTY OF SAN BERNARDINO, ET AL.

DEFENDANT/RESPONDENT: JOAQUIN A. ACOSTA, ET AL.

CASE NUMBER: **CIVDS1915265**

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 1086608JS |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a. ☒   Summons
    b. ☒   Complaint
    c. ☐   Alternative Dispute Resolution (ADR) package
    d ☒   Civil Case Cover Sheet *(served in complex cases only)*
    e ☐   cross-complaint
    f. ☒   other *(specify documents)*: CERTIFICATE OF ASSIGNMENT; NOTICE OF TRIAL SETTING CONFERENCE;
         NOTICE OF PENDENCY OF NUISANCE ABATEMENT ACTION (LIS PENDENS)

3.  a. Party served: *(specify name of party as shown on documents served)*:
       A.J. ACOSTA COMPANY, INC., A CALIFORNIA CORPORATION
    b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
       under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a)*:
       "JANE DOE", RECEPTIONIST (CAUCASIAN / HISPANIC FEMALE, APPROXIMATELY 25 YEARS OLD, 5'2", 120
       LBS., WITH BLACK HAIR) ON BEHALF OF JOAQUIN A. ACOSTA, AGENT FOR SERVICE OF PROCESS
4.  Address where the party was served:   42112 BIG BEAR BLVD.
                                           BIG BEAR LAKE, CA 92315
5.  I served the party *(check proper box)*
    a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
       receive service of process for the party (1) on *(date)*: JUNE 17, 2019   (2) at: *(time)* 10:30 AM

    b. ☐ **by substituted service.** On *(date)*:        at: *(time)*        . I left the documents listed in item 2
       with or in the presence of *(name and title or relationship to the person indicated in item 3)*:
       (1) ☐   (business) a person at least 18 years of age apparently in charge at the office or usual place of business
               of the person to be served. I informed him or her of the general nature of the papers.
       (2) ☐   (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
               place of abode of the party. I informed him or her of the general nature of the papers.
       (3) ☐   (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
               address of the person to be served, other than a United States Postal Service post office box. I informed
               him or her of the general nature of the papers.
       (4) ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
               at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure § 417.10

88

(5) ☐    (date):      (city):    or ☐ a declaration of mailing is attached.
      I attach a declaration of diligence stating actions taken first to attempt personal service.

| | |
|---|---|
| PLANTIFF/PETITIONER: COUNTY OF SAN BERNARDINO, ET AL. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: JOAQUIN A. ACOSTA, ET AL. | CIVDS1915265 |

5. c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) (date):      (1) (city):
    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30.)
    (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☒  **by other means** (specify means of service and authorizing code section):POSTED COPY ON DOOR
     ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☒  as an individual defendant
  b. ☐  as the person sued under the fictitious name of (specify):
  c. ☐  on behalf of (specify):
      under the following Code of Civil Procedure section:

     ☐ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
     ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
     ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
     ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
     ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                        ☐ other:

7.  **Person who served papers**
  a.  Name: STEVE WIERZBINSKI
  b.  Address: 800 W. 1ST STREET, SUITE 200-B
      LOS ANGELES, CALIFORNIA 90012
  c.  Telephone number: (213) 607-9000
  d.  The fee for service was: $ 213.50
  e.  I am:
    (1) ☐  not a registered California process server.
    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒  registered California process server:
        (i)  ☐ owner  ☐ Employee  ☒ independent contractor.
        (ii) ☒ Registration No.:SBC #928
        (iii) ☒ County: SAN BERNARDINO

**USA Legal Network**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    **Or**
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: JUNE 18, 2019

STEVE WIERZBINSKI                    *Steve Wierzbinski*
_____           _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)     (SIGNATURE)

Page 2 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure § 417.10 |

89

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number & Address): | TELEPHONE NO | FOR COURT USE ONLY |
|---|---|---|
| JASON M. SEARLES, (SBN 285896)<br>DEPUTY COUNTY COUNSEL<br>MICHELLE D. BLAKEMORE, (SBN 110474)<br>COUNTY COUNSEL<br>SAN BERNARDINO COUNTY COUNSEL<br>385 NORTH ARROWHEAD AVE, 4TH FLOOR<br>SAN BERNARDINO, CA 92415<br>ATTORNEY FOR (Name):  COUNTY OF SAN BERNARDINO | (909) 387-5288<br><br>TRACKING NO :<br>1086608JS | |

| NAME OF COURT & DISTRICT/BRANCH, IF ANY: |
|---|
| SAN BERNARDINO COUNTY SUPERIOR COURT OF CALIFORNIA - JUSTICE CENTER |

| SHORT TITLE OF CASE: |
|---|
| COUNTY OF SAN BERNARDINO, ET AL.  VS JOAQUIN A. ACOSTA, ET AL. |

| DECLARATION OF MAILING | HEARING DATE: | TIME: | DEPT /DIV : | CASE NUMBER:<br>CIVDS1915265 |
|---|---|---|---|---|

At the time of service attempt(s), I was at least 18 years old and not a party to the above noted action

1. I served the:
   a. documents: **SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CERTIFICATE OF ASSIGNMENT; NOTICE OF TRIAL SETTING CONFERENCE; NOTICE OF PENDENCY OF NUISANCE ABATEMENT ACTION (LIS PENDENS)**

   b. on (name): A.J. ACOSTA COMPANY, INC., A CALIFORNIA CORPORATION

   c. address:  42112 BIG BEAR BLVD.
                BIG BEAR LAKE, CA 92315

   d. by mailing
      1. date:  JUNE 17, 2019
      2. from:  LOS ANGELES, CA

2. Manner of service:
   ☒ FIRST CLASS, POSTAGE PREPAID MAILING
   ☐ CERTIFIED   ☐ NOT CERTIFIED

3. At the time of service I was at least 18 years old and not a party to the action.

Process Server:
**ARA KAZARIAN**
800 W. 1ST St.., Suite 200-B
Los Angeles, CA  90012
(213) 607-9000

☒ Not A Registered California Process Server
☐ Registered California Process Server
☐ Registration No.:
☐ County:
☒ Fee for service: $ 208.50

**USA Legal Network**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on :

Date:  JUNE 18, 2019

Signature

## CIV-190610-CIV-DS1915265-PSDD-111402

### Scanned Document Coversheet

System Code:    CIV
Case Number:    DS1915265
Case Type:      CIV
Action Code:    PSDD
Action Date:    06/10/19
Action Time:    11:14
Action Seq:     0002
Printed by:     SJAMI

> **THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE**

**Proof of Sub-Service of Summons and Comp/Pet as to JOAQUIN A ACOSTA served on 06/03/19 with fees of $208.50.**



NEW FILE

91

ORIGINAL

| ATTORNEY OR PARTY WITHOUT ATTORNEY (name and Address) | FOR COURT USE ONLY |
|---|---|
| JASON M. SEARLES, (SBN 285896)<br>DEPUTY COUNTY COUNSEL<br>MICHELLE D. BLAKEMORE, (SBN 110474)<br>COUNTY COUNSEL<br>OFFICE OF COUNTY COUNSEL<br>SAN BERNARDINO COUNTY COUNSEL<br>385 NORTH ARROWHEAD AVENUE, 4TH FLOOR<br>SAN BERNARDINO, CA 92415 | F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JUN 1 0 2019<br><br>BY _____<br>SABRINA JAMISON, DEPUTY |

TELEPHONE NO: **(909) 387-5288**    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: **COUNTY OF SAN BERNARDINO**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
STREET ADDRESS: 247 W. THIRD ST.
MAILING ADDRESS:
CITY AND ZIP CODE: SAN BERNARDINO, CA 92415
BRANCH NAME: SAN BERNARDINO JUSTICE CENTER

| PLAINTIFF/PETITIONER: COUNTY OF SAN BERNARDINO, ET AL. | CASE NUMBER: **CIVDS1915265** |
|---|---|
| DEFENDANT/RESPONDENT: JOAQUIN A. ACOSTA, ET AL. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: **1085027.JS** |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of :
   - a. ☒ Summons
   - b. ☒ Complaint
   - c. ☐ Alternative Dispute Resolution (ADR) package
   - d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ cross-complaint
   - f. ☒ other *(specify documents)*: CERTIFICATE OF ASSIGNMENT; NOTICE OF TRIAL SETTING CONFERENCE; NOTICE OF PENDENCY OF NUISANCE ABATEMENT ACTION (LIS PENDENS)

3. a. Party served: *(specify name of party as shown on documents served)*:
      JOAQUIN A. ACOSTA, AN INDIVIDUAL
   b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:   460 CATALINA RD., #B2889
      BIG BEAR LAKE, CA 92315

5. I served the party *(check proper box)*
   - a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:      (2) at: *(time)*

   - b. ☒ **by substituted service.** On *(date)*: JUNE 1, 2019  at: *(time)* 10:55 AM . I left the documents listed in item 2 with or in the presence of (name and title or relationship to the person indicated in item 3): RENEE ACOSTA, CO-TENANT
     - (1) ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
     - (2) ☒   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     - (4) ☒   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
       *(date)*:      *(city)*:      or ☒ a declaration of mailing is attached.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure § 417.10 |
|---|---|---|

93




(5) ☒   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER:  COUNTY OF SAN BERNARDINO, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  JOAQUIN A. ACOSTA, ET AL. | CIVDS1915265 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) (date):        (1) (city):

    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30.)

    (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☒  **by other means** (specify means of service and authorizing code section):POSTED COPY ON DOOR

      ☐    Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☒  as an individual defendant

    b. ☐  as the person sued under the fictitious name of (specify):

    c. ☐  on behalf of (specify):

        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**

    a.   Name: STEVE WIERZBINSKI

    b.   Address: 800 W. 1ST STREET, SUITE 200-B
         LOS ANGELES, CALIFORNIA 90012

    c.   Telephone number: (213) 607-9000

    d.   The fee for service was: $ 208.50

    e.   I am:

      (1) ☐  not a registered California process server.

      (2) ☐  exempt from registration under Business and Professions Code section 22350(b).

      (3) ☒  registered California process server:

          (i) ☐ owner ☐ Employee ☒ independent contractor.

          (ii) ☒ Registration No.:SBC #928

          (iii) ☒ County: SAN BERNARDINO

USA Legal Network

8. ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Or

9. ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: JUNE 4, 2019

STEVE WIERZBINSKI

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure § 417.10

94

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number & Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| JASON M. SEARLES, (SBN 285896)<br>DEPUTY COUNTY COUNSEL<br>MICHELLE D. BLAKEMORE, (SBN 110474)<br>COUNTY COUNSEL<br>OFFICE OF COUNTY COUNSEL<br>SAN BERNARDINO COUNTY COUNSEL<br>385 NORTH ARROWHEAD AVENUE, 4TH FLOOR<br>ATTORNEY FOR *(Name):*  COUNTY OF SAN BERNARDINO | (909) 387-5288<br><br>TRACKING NO.:<br>1085027JS | |

| NAME OF COURT & DISTRICT/BRANCH, IF ANY: |
|---|
| SAN BERNARDINO COUNTY SUPERIOR COURT OF CALIFORNIA - JUSTICE CENTER |

| SHORT TITLE OF CASE: |
|---|
| COUNTY OF SAN BERNARDINO, ET AL.  VS JOAQUIN A. ACOSTA, ET AL. |

| | HEARING DATE: | TIME: | DEPT/DIV.: | CASE NUMBER: |
|---|---|---|---|---|
| **DECLARATION OF DILIGENCE** | | | | CIVDS1915265 |

1. I attempted to serve the:
   a. **SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CERTIFICATE OF ASSIGNMENT; NOTICE OF TRIAL SETTING CONFERENCE; NOTICE OF PENDENCY OF NUISANCE ABATEMENT ACTION (LIS PENDENS)**

   b. on *(name):*  JOAQUIN A. ACOSTA, AN INDIVIDUAL

   c. by serving:  RENEE ACOSTA, CO-TENANT / WIFE (HISPANIC FEMALE, APPROXIMATELY 30 YEARS OLD, 5'3", 140 LBS, WITH BLACK HAIR).

   d. by delivery: ☒ TO RESIDENCE      ☐ TO BUSINESS      ☐ OTHER ( )
      1. date:  JUNE 1, 2019
      2. time:  10:55 AM
      3. address:  460 CATALINA RD., #B2889
                    BIG BEAR LAKE, CA 92315

   e. ☐ by mailing
      1. date: \
      2. city:

2. Manner of service:  SUBSTITUTED SERVICE

3. Previous Attempts:
   a. 5/22/19 12:45PM NO ANSWER AT THE DOOR.  TWO CARS, BLUE JETTA (8HC2358) AND WHITE SUBURBAN (7SB5034)M IN THE DRIVEWAY.
   b. 5/26/19 5:50PM NO ANSWER AT THE DOOR, NO ACTIVITY OBSERVED.
   c. 6/1/19 10:55AM SUBJECT NOT IN.  SUB-SERVED TO RENEE ACOSTA, CO-TENANT / WIFE (HISPANIC FEMALE, APPROXIMATELY 30 YEARS OLD, 5'3", 140 LBS., WITH BLACK HAIR).

4. At the time of service/attempt(s), I was at least 18 years old and not a party to the action.

5. Process Server:
   STEVE WIERZBINSKI
   800 W. 1ST St., Suite 200B
   Los Angeles, CA 90012
   (213) 607-9000

   ☐ Not A Registered California Process Server
   ☒ Registered California Process Server
      ☐ Owner  ☐ Employee  ☒ Independent Contractor
      ☒ Registration No.: SBC #928
      ☒ County: SAN BERNARDINO    ☒ Fee for service: $ 208.50



USA Legal Network

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on :

Date:  JUNE 4, 2019

Signature _____

95

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number & Address):*<br>JASON M. SEARLES, (SBN 285896)<br>DEPUTY COUNTY COUNSEL<br>MICHELLE D. BLAKEMORE, (SBN 110474)<br>COUNTY COUNSEL<br>SAN BERNARDINO COUNTY COUNSEL<br>385 NORTH ARROWHEAD AVE, 4TH FLOOR<br>SAN BERNARDINO, CA 92415<br>ATTORNEY FOR *(Name):* COUNTY OF SAN BERNARDINO | TELEPHONE NO :<br>(909) 387-5288<br><br>TRACKING NO :<br>1085027JS | FOR COURT USE ONLY |
|---|---|---|

NAME OF COURT & DISTRICT/BRANCH, IF ANY:
SAN BERNARDINO COUNTY SUPERIOR COURT OF CALIFORNIA - JUSTICE CENTER

SHORT TITLE OF CASE:
COUNTY OF SAN BERNARDINO, ET AL.  VS JOAQUIN A. ACOSTA, ET AL.

| **DECLARATION OF MAILING** | HEARING DATE: | TIME: | DEPT /DIV : | CASE NUMBER:<br>CIVDS1915265 |
|---|---|---|---|---|

At the time of service attempt(s), I was at least 18 years old and not a party to the above noted action

1. I served the:
   a. documents: **SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CERTIFICATE OF ASSIGNMENT; NOTICE OF TRIAL SETTING CONFERENCE; NOTICE OF PENDENCY OF NUISANCE ABATEMENT ACTION (LIS PENDENS)**

   b. on *(name):* JOAQUIN A. ACOSTA, AN INDIVIDUAL

   c. address: 460 CATALINA RD., #B2889
      BIG BEAR LAKE, CA 92315

   d. by mailing
      1. date:  JUNE 3, 2019
      2. from:  LOS ANGELES, CA

2. Manner of service:
   ☒ FIRST CLASS, POSTAGE PREPAID MAILING
   ☐ CERTIFIED   ☐ NOT CERTIFIED

3. At the time of service I was at least 18 years old and not a party to the action.

Process Server:
**CARLOS SANZ**
800 W. 1ST St.., Suite 200-B
Los Angeles, CA  90012
(213) 607-9000

☒ Not A Registered California Process Server
☐ Registered California Process Server
☐ Registration No.:
☐ County:
☒ Fee for service:  $ 208.50

**USA Legal Network**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on :

Date:  JUNE 4, 2019                    Signature _____

96

## CIV-190520-CIV-DS1915265-COA-111702



### Scanned Document Coversheet

System Code:   CIV
Case Number:   DS1915265
Case Type:     CIV
Action Code:   COA
Action Date:   05/20/19
Action Time:   11:17
Action Seq:    0002
Printed by:    RHERN

THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

## Certificate of Assignment received.



NEW FILE

97

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COUNTY OF SAN BERNARDINO, et al.

vs.

JOAQUIN A. ACOSTA, an individual; A.J.
ACOSTA COMPANY, INC, a California
Corporation; and DOES 1-25

CASE NO.: CIVDS1915265

**CERTIFICATE OF ASSIGNMENT**

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
**CENTRAL** _____ District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General          ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other **Nuisance** | The cause arose within the district. |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Joaquin A. Acosta | 32112 State Highway 18 |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |
| Lucerne Valley | California | 92356 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on _____ May 17, 2019 _____ at San Bernardino _____, California

_Signature of Attorney/Party_

**JASON M. SEARLES, Deputy County Counsel**

CERTIFICATE OF ASSIGNMENT

98

American LegalNet, Inc.
www.FormsWorkFlow.com

# CIV-190520-CIV-DS1915265-NI-111606



## Scanned Document Coversheet

System Code:    CIV
Case Number:    DS1915265
Case Type:      CIV
Action Code:    NI
Action Date:    05/20/19
Action Time:    11:16
Action Seq:     0006
Printed by:     RHERN

```
THIS COVERSHEET IS FOR COURT
PURPOSES ONLY, AND THIS IS NOT
A PART OF THE OFFICIAL RECORD.
YOU WILL NOT BE CHARGED FOR
           THIS PAGE
```

# Notice Imaged



NEW FILE

99

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                    CASE NO: CIVDS1915265

                     NOTICE OF TRIAL SETTING CONFERENCE


IN RE: COUNTY OF SB V JOAQUIN A ACOSTA

THIS CASE HAS BEEN ASSIGNED TO: JOHN M PACHECO IN DEPARTMENT S31
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 West Third Street
SAN BERNARDINO, CA  92415-0210.

        HEARING DATE: 11/20/19 at  8:30 in Dept. S31


DATE: 05/20/19  Nancy Eberhardt, Court Executive Officer
                                    By: RAFAEL HERNANDEZ
------------------------------------------------------------------------
------------------------------------------------------------------------
                     CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(X) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 05/20/19
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 05/20/19 at San Bernardino, CA

                              BY: RAFAEL HERNANDEZ


civ-ntsc-20130417

                              100

Notice 'NTSC' has been printed for the following Attorneys/Firms
or  arties for Case Number CIVDS1915265 on  5/20/19:


  OFFICE OF COUNTY COUNSEL
  385 NORTH ARROWHEAD AVENUE
  4TH FLOOR
  SAN BERNARDINO, CA 92415

## Certificate of Service

I, _Michael Mascarenas_ do hereby certify that a copy of Joaquin Andres Acosta's PETITION FOR REMOVAL, together with a MEMORANDUM OF POINTS AND AUTHORITIES, along with this CERTIFICATE OF SERVICE will be served to respondents:

Superior Court
247 West Third Street
San Bernardino, California, 92415

Jason M. Searles, Deputy Counsel
COUNTY OF SAN BERNARDINO
385 North Arrowhead Avenue,
San Bernardino, California, 92415

By depositing a copies of the aforementioned documents with the Clerk of the Superior Court, San Bernardino, who will at their discretion, notify County Counsel, and the Superior Court's judge by the Court's Notice of Electronic Filing, the day of filing, or at Clerk's discretion.

This twenty-seventh day of June, in the Year of Our Lord, two thousand nineteen.

Signature of Person Serving
42112 Big Bear Boulevard
Big Bear Lake, California.

102